## HOMŒOPATHIC ASS. v. HARRISON & BRO.

ERROR TO THE COURT OF COMMON PLEAS NO. 1 OF PHILA-
DELPHIA COUNTY.

Argued March 20, 1888—Decided April 16, 1888.

Where, in a mechanics' lien filed for materials furnished by a sub-contractor, the only items charged for, as furnished within six months before the filing, were two hearths, supplied gratuitously in the place of defective hearths furnished and charged for more than six months before, and a portable stove, in no sense used or intended to be used in the construction of the building, these items would not operate to extend the statutory time for filing the claim and the plaintiff was not entitled to the lien claimed.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY, J., absent.

No. 61 January Term 1888, Sup. Ct.; court below, No. 28 June Term 1887, M. L. D.

On June 26, 1887, William H. and Charles H. Harrison, trading as W. H. Harrison & Brother, filed a claim for lien against the hospital buildings, lot of ground and appurtenant curtilage, in the Twenty-eighth ward of Philadelphia, the property of the Women's Homœopathic Association of Pennsylvania. The bill of particulars attached embraced items for work and labor done and materials, to wit: tin flues, ranges, registers, hearths, grates, etc., furnished continuously, as was averred, from August 31, 1885, until May 27, 1887, at the special instance and request of George McNichol & Son, with whom the contract of the claimants was made, towards the erection and construction of said buildings and upon the faith and credit thereof. The last entries on the bill of particulars were as follows, abbreviated:

| | | | |
|---|---|---|---:|
| October 30, 1886. | 1 Range, etc., | . . . | $59.15 |
| March 9, 1887. | 2 Soapstone Hearths, | . . | 18.50 |
| May 27, 1887. | 1 Laundry Stove, etc., | . | 25.00 |
| Total, . . . . . . | | | $3,169.96 |
| Credit. By cash, . . $1,279.92 | | | |
| " 2 Soapstone Hearths, 18.50— | | | 1,298.42 |
| Balance claimed, . . . . | | | $1,871.54 |

On July 11, 1887, the claimants issued a scire facias upon the foregoing claim. An affidavit of defence, executed by the treasurer of the defendant corporation, filed on September 19, 1887, averred, inter alia: That the only items of labor or material done or furnished within the period of six months next before the filing of the claim and included therein, were the two soapstone hearths and the laundry stove, and "that as a matter of fact the two hearths so charged in said bill were furnished by plaintiff gratuitously to supply the places of two other defective hearths of similar size and value (if perfect), which plaintiffs had furnished and charged for more than six months before the filing of said claim, and was simply material furnished by plaintiff to make good their own prior charge;

that the said charge of March 9th, and the balancing entry of a credit of the same amount, are therefore entries made merely for convenience in bookkeeping, and do not represent such a transaction as would extend the time for filing the lien ; that the laundry stove and piping charged as of May 27, 1887, is a small portable stove for heating flatirons, with the necessary stove-pipe for connecting it with the brick chimney; that it is in no sense any part of the building, nor was it used or intended to be used in the construction or erection thereof ; that it is an ordinary piece of personal property, and is as much adapted for use in one laundry as in any other."

On October 1, 1887, a rule for judgment for want of a sufficient affidavit of defence was made absolute, BIDDLE J., without opinion filed, and judgment was entered for the plaintiffs for $1,901.48. Thereupon the defendant took this writ, assigning the order directing the entry of said judgment as error.

*Mr. P. H. Coggins* and *Mr. D. W. Sellers*, for the plaintiff in error :

1. The time to file this claim expired on April 30, 1887, unless it was extended by one or both the items of March 9th and May 27th. Even when a claim expressly averred that the work was done and materials furnished continuously, yet this court held as a matter of law that a gap of twenty months, between the last item and the one next preceding, rendered the claim invalid: Kohler v. Mountney, 5 W. N. 260. The lapse of time and character of the items as shown by the claim and the affidavit of defence in this case, should have sent the case to the jury.

2. The laundry stove, of the item of May 27th, was simply a chattel and possessed no peculiar features, either in itself or in the manner of its use, that would bring it within the law relative to mechanics' liens.

3. The affidavit of defence shows that the entries of March 9, 1887, represent simply the action of the sub-contractor in correcting a mistake he had made in the performance of his original contract. An item furnished by a material man or sub-contractor to compensate a deficiency in the work already done by him, will not extend the time for filing his lien, unless

it be shown that the owner agreed that such work should be considered as done under the original contract: Parrish's App., 83 Pa. 126; McKelvey v. Jarvis, 87 Pa. 414.

Other portions of the argument raised the question of the applicability of the act of June 17, 1887, P. L. 413, not decided.

*Mr. Wm. Henry Lex,* for the defendant in error:

1. The cases cited by the defendant were not decided upon the principles stated, but upon the ground of good faith; and where a claimant, irrespective of any other facts, furnishes extra work in good faith, or in a like good faith corrects imperfections in former work, and the lien would otherwise be valid, such a last item if charged for work done or materials furnished in good faith, is held to bring the lien within the statutory time.

2. The laundry stove was erected in the laundry of the hospital, connected with the building by pipes, put there at the time of the original construction, and evidently necessary to equip the place for the purposes of a laundry for the hospital, fulfilling the test, therefore, of Dimmick v. Cook, 115 Pa. 573.

OPINION, MR. JUSTICE CLARK:

Assuming the truth of the facts set forth in the several affidavits of defence, we think there was sufficient to send this case to the jury. The lien was filed June 26, 1887. The only items charged within six months are two soapstone hearths, March 9, 1887, $18.50, and a laundry stove and pipe, May 27, 1887, $25.00; the last items preceding these having been delivered about eight months before the lien was filed. The affidavit sets forth that the hearths were furnished by the plaintiff "gratuitously" to supply the place of two other defective hearths of similar size, previously furnished and charged, more than six months before the filing of the lien; that these hearths were furnished simply to make good the previous charges, and that on the day of the entry of the charge of the $18.50, a corresponding credit was entered for the same amount; that the entries were made merely for convenience in bookkeeping, and do not represent such a transaction as would extend the lien.

The items of the claim indicate that the work was substan-

tially completed on the 30th of October, 1886; and, if the hearths were subsequently put in by the contractor, merely to compensate the deficiency in the work which had been previously done, in order to make good the charges already embraced in his claim, we are of opinion this should not operate to extend the time for filing of the lien.

The case is similar in principle to McKelvey v. Jarvis, 87 Pa. 414. There the contract was for the plumbing of two houses, and the work had been completed before April 1st, 1876, whilst the lien was not filed until November 10th in the same year; but on or about June 18, 1876, the defendant called the plaintiffs' attention to the fact that they had neglected to put in a street washer; the plaintiffs said the contract did not call for a street washer, but for two hose plates, one for each house; and that they, the contractors, had overlooked them, and forgotten to put them in; that they and the defendant then and there made an agreement that the plaintiffs should be released from their undertaking to put in the hose plates, and, in consideration thereof, the plaintiffs agreed to put in a street washer, near the curb on the outside of the sidewalk, and that they did so. The court, SHARSWOOD, J., said, if the jury from the testimony believed "that the street washer was outside work, done to compensate the deficiency in the work done under the contract, it ought not to preserve the lien." It was intimated, however, that if hose plates had been provided for in the contract, and the street washer was put in under the contract, as a substitute therefor, at the owner's request, the street washer would constitute part of the lien.

So here if the hearths had been removed, not because of any deficiency in them, but to replace them with another kind or quality at the owner's request, upon the same footing as the work already done, a different case would be presented. In McKelvey v. Jarvis, the materials were furnished in pursuance of an entire contract; here the lien was for work done and materials furnished continuously towards the erection of the building under the act of 1845; but this difference in the facts will not render the rule inapplicable. It is the continuity of the claim which must give it effect; and, if the work was practically complete in October, 1876, and the hearths were supplied six months afterwards, simply as a substitute for de-

fective materials already furnished, they cannot be said to have been delivered during the ordinary progress of the work and in continuance of the claim, and it follows that such a charge would not extend the time for filing the lien.

The laundry stove, it is stated, was "a small portable stove, for heating flatirons;" "it was in no sense any part of the building;" "it was not used or intended to be used in the construction or erection" of the building; it was "an ordinary piece of personal property," "as much adapted for use in one laundry as in any other." If this be so, it is idle, we think, to suppose that such a charge could extend the time in which to file a lien against the building.

The judgment is reversed, and a procedendo awarded.