## LOCUST *et al.* v. CARUTHERS *et al.*

No. 917, Ind T̆. Opinion Filed March 9, 1909.

(100 Pac. 520.)

1. **APPEAL AND ERROR—Dismissal—Defects in Proceedings for Review—Estoppel.** When parties have tried a case as an equitable proceeding, before a master in chancery, without objection, they cannot, in this court, object that the case was an action at law, and that an appeal taken as from an equitable proceeding be dismissed for failure to comply with requirements of appeals in law cases.

2. **SAME—Bill of Exceptions—Necessity—Probate Matters in Federal Courts.** Proceedings in the United States courts in the exercise of the customary jurisdiction of probate courts are proceedings in equity. They are reviewable by appeal and not by writ of error, and no bill of exceptions is necessary to bring the evidence, affidavits, and other proceedings therein upon the record, because they are a part of it.

3. **SAME—Report and Findings—Conclusiveness.** When the parties to a suit in equity consent to a reference thereof to a master to hear and decide all the issues therein and report his findings, both of fact and of law, such findings of fact should have been treated as so far correct and binding as not to be disturbed, unless clearly in conflict with the weight of the evidence upon which they were made.

4. **BASTARDS—Presumption of Legitimacy.** In controversies involving heirship and the legitimacy of children, the presumption of law is in favor of legitimacy, and the reason back of this presumption is that the law encourages decency and morality and right living.

5. **SAME.** After a long lapse of time, where proof is given that certain persons are the children of a certain man and woman and were so recognized and treated by the parents and other members of the family, legitimacy will be presumed, even though there was no direct evidence of the marriage of the father and mother.

(Syllabus by the Court.)

*Appeal from the United States Court for the Southern District of the Indian Territory, at Ada; Joseph T. Dickerson, Judge.*

Application to the United States Court for the Southern District of the Indian Territory, in probate, by Debora Caruthers and others, claiming to be the next of kin of Robert L. Hensley, deceased, and entitled to his estate, and asking that an order of distribution of the estate of Margaret Locust and another be set aside. There was a decree in favor of Debora Caruthers and such others, and Margaret Locust and such others appealed to the United States Court of Appeals of the Indian Territory, whence the cause was transferred to the Supreme Court of the State of Oklahoma. Reversed and remanded.

*J. L. Harnage, Crawford, & Bolen* and *Galbraith & McKeown,* for appellants.—Appeal, as distinguished from writ of error, was proper method for bringing the cause to appellate court for review: *Kimberly v. Arms,* 129 U. S. 512; *Quinby v. Conlan,* 104 U. S. 420; *Hoover, etc., Co. v. Featherstone,* 111 Fed. 81. The court erred in disregarding and setting aside the findings made by the master: *Rainwater-Bradford Hat Co. v. McBride,* 3 Ind. T. 621; *Barton v. Halsey* 4 Ind. T. 260; *Kimberly v. Arms,* 129 U. S. 512; *Porter v. U. S.* (Ind. T.) 104 S. W. 855; *Taylor v. Sweet* (La.) 22 Am. Dec. 156; *Kelly's Heirs v. McGuire,* 15 Ark. 555; 8 Enc. of Ev. 165; *In re Robb's Estate,* 37 S. C. 19; *In re Estate of Pickens,* 163 Pa. 14.

*Blanton & Andrews* and *R. T. Jones,* for appellees.—Writ of error was the required method for bringing cause up for review and the appeal should be dismissed: *Behn Mayer & Co. v. Campbell* (U. S.) 51 L. Ed. 857; *U. S. ex rel. v. Fidelity, etc., Co.,* 147 Fed. 228; *Page v. Ralph,* 55 Ark. 52; *In re Crutchfield* (Ind. T.) 64 S. W. 545; *Ormsby v. Webb* (U. S.) 33 L. Ed. 805; 2 Cyc. 1081. On conclusiveness of master's report: *Kimberly v. Arms,* 129 U. S. 512; *Shipman v. Fletcher* (Va.) 22 S. E. 458; *Ennesser v. Hudek* (Ill.) 48 N. E. 673. On proof of marriage by cohabitation and repute: *Stevens v. Stevens* (N. J.) 38 Atl. 460; *White v. White,* 82 Cal. 427; *Blackburn v. Crawford,* 3 Wall. 175; *Jones v. Jones,* 28 Ark. 19; *Clayton v. Wardell,* 4 N. Y. 230; *In re Wallace's Estate* (N. J.) 25 Atl. 260; *Chamberlain v.*

*Chamberlain,* 71 N. Y. 423; *Norman v. Goode,* 113 Ga. 121; *Eldred v. Eldred* (Va.) 34 S. E. 477.

KANE, C. J.   This is an appeal from a decree of the United States Court for the Southern District of the Indian Territory, rendered in probate, denying the claim of the appellants to be the legal heirs and next of kin of Robert L. Hensley, deceased, and their right to participate in the distribution of his estate. Robert L. Hensley, an Indian citizen, residing in the Southern district of the Indian Territory, died intestate and without issue, leaving an estate of considerable value.   An administrator was duly appointed and took charge of the property.   Margaret Locust and Johanna Parish, the appellants, then made proof of heirship, and an order of partial distribution of the estate was entered in said cause.   The appellees then made application to the court claiming that they were the next of kin of the deceased and entitled to his estate, and alleged that appellants' claim was fraudulent and untrue, and asked that the order of distribution be set aside.   This application was afterwards granted, the order of distribution vacated, and said cause was upon agreement of the parties and by order of the court referred to L. D. Ratliff, as master in chancery, to take testimony and report upon the law and the facts.   The master found in favor of the claim of appellants that they were the next of kin of the deceased and entitled to his estate and recommended a decree accordingly.   Exceptions were filed to this report by the appellees.   The court sustained the exceptions, set aside the findings and recommendations of the master, and entered a decree in favor of the appellees.   An appeal from this decree was prayed, allowed, and perfected to the United States Court of Appeals of the Indian Territory, and after statehood the cause was transferred to this court under the terms of the Enabling Act and Schedule to the Constitution.

A preliminary question of practice arises upon the motion of appellees to dismiss the appeal.   It is urged that writ of error, and not appeal, is the proper method of bringing causes at law into the appellate court for review, and where an appeal is re-

sorted to this court will dismiss the same. This, we think, is the general rule; but the case at bar, admitting it is an action at law, it taken out of the rule by the conduct of the parties in treating it as a suit in equity and proceeding with it as such before a master in chancery without objection. It has been held by the Court of Appeals of the Indian Territory, in *Howell et al. v. Brown,* 5 Ind. T. 718, 83 S. W. 170, that:

"When parties have tried a case as an equitable proceeding, before a master in chancery, without objection, they cannot, in this court, object that the case was an action at law, and that an appeal, taken as from an equitable proceeding, be dismissed for failure to comply with requirements of appeals in law cases, under section 4927, Mansf. Dig. (section 3132, Ind. T. Ann. St. 1889), providing that errors in mode of procedure are waived by failure to object at the time."

Furthermore the Court of Appeals of the Indian Territory. in *Re Berryhill's Estate,* 104 S. W. 847, and the Circuit Court of Appeals for the Eighth Circuit in *Morrison v. Burnette, Curator, etc.,* 154 Fed. 617, 83 C. C. A. 391, have held that matters of probate arising in the United States District Courts of the Indian Territory can be reviewed only by appeals to the United States Court of Appeals in said territory. In *Laurel Oil & Gas Co. v. Galbreath Oil & Gas Co.,* 165 Fed. 162, it was held by the Circuit Court of Appeals for the Eighth District that:

"Proceedings in the United States courts in the exercise of the customary jurisdiction of probate courts are proceedings in equity. They are reviewable by appeal and not by writ of error, and no bill of exceptions is necessary to bring the evidence, affidavits, and other proceedings therein upon the record, because they are a part of it."

The foregoing cases seem to settle the question of practice in favor of appellants, and the motion to dismiss is accordingly overruled.

Various grounds are assigned upon which counsel for appellants insist that the judgment of the court below should be reversed, but under our view of the case it will only be necessary to

notice the fifth and sixth assignments, which may be considered together. These assignments are:

"Fifth. The court erred in disregarding and setting aside the findings of fact made by the master in chancery. Sixth. The court erred in disregarding and setting aside the conclusions of law found by the master."

We believe these grounds are well taken. The reference was made to the master by the consent of all parties and with authority to take testimony and report upon the law and the facts. There was really but one question of fact for the consideration of the master, and that was: Were Sam Hensley and Lydia Tehee lawfully married? The master found that they were: and we believe that his findings are not in conflict with the weight of the evidence, and that it was error for the court below to disregard and set them aside and render a decree on the evidence as it appeared to him.

The case at bar, so far as this particular question is concerned, is identical in principle with *Kimberly v. Arms,* 129 U. S. 512, 9 Sup. Ct. 355, 32 L. Ed. 764. In the Kimberly Case, by consent and request of all the parties, Hon. Richard A. Harrison was appointed special master to hear the evidence and decide all the issues between the parties and make his report to the court, including his findings of law and fact, together with all the evidence introduced before him. After holding the case under consideration for a considerable period, the master made his report, finding the facts in favor of Arms, and recommending a decree in his favor. The court treated the report as merely presenting the testimony in the case, holding that the findings of the master were not entitled to consideration as presumptively correct, so as to throw the burden of proof on the excepting parties. Mr. Justice Field, who delivered the opinion of the court, in reversing the judgment of the court below, says:

"A 'master in chancery' is an officer appointed by the court to assist it in various proceedings incidental to the progress of a cause before it, and is usually employed to take and state accounts, to take and report testimony, and to perform such duties as re-

quire computation of interest, the value of annuities, the amount of damages in particular cases, the auditing and ascertaining of liens upon property involved, and similar services. The information which he may communicate by his findings in such cases, upon the evidence presented to him, is merely advisory to the court, which it may accept and act upon or disregard in whole or in part, according to its own judgment as to the weight of the evidence. *Basey v. Gallagher,* 20 Wall. 670, 680, 22 L. Ed. 452; *Quinby v. Conlan,* 104 U. S. 420, 424, 26 L. Ed. 800. In practice it is not usual for the court to reject the report of a master, with his findings upon the matter referred to him, unless exceptions are taken to them and brought to its attention, and, upon examination, the findings are found unsupported or defective in some essential particular. *Metzker v. Bonebrake,* 108 U. S. 66, 2 Sup. Ct. 351, 27 L. Ed. 654; *Tilghman v. Proctor,* 125 U. S. 136, 149, 8 Sup. Ct. 894, 31 L. Ed. 664; *Callaghan v. Myers,* 128 U. S. 617, 666, 9 Sup. Ct. 177, 32 L. Ed. 547. It is not within the general province of a master to pass upon all the issues in an equity case, nor is it competent for the court to refer the entire decision of a case to him without the consent of the parties. It cannot, of its own motion, or upon the request of one party, abdicate its duty to determine by its own judgment the controversy presented and devolve that duty upon any of its officers; but when the parties consent to the reference of a case to a master or other officer to hear and decide all the issues therein, and report his findings, both of fact and of law, and such reference is entered as a rule of the court, the master is clothed with very different powers from those which he exercises upon ordinary references, without such consent, and his determinations are not subject to be set aside and disregarded at the mere discretion of the court. A reference, by consent of parties, of an entire case for the determination of all its issues, though not strictly a submission of the controversy to arbitrate—a proceeding which is governed by special rules—is a submission of the controversy to a tribunal of the parties' own selection, to be governed in its conduct by the ordinary rules applicable to the administration of justice in tribunals established by law. Its findings, like those of an independent tribunal, are to be taken as presumptively correct, subject, indeed, to be reviewed under the reservation contained in the consent and order of the court, when there has been manifest error in the consideration given to the evidence, or in the applica-

tion of the law, but not otherwise. The reference of a whole case to a master, as here, has become in late years a matter of more common occurrence than formerly, though it has always been within the power of a court of chancery, with the consent of parties, to order such reference. *Haggett v. Welsh,* 1 Sim. 134; *Dowse v. Coxe,* 3 Bing. 20; *Prior v. Hembrow,* 8 M. & W. 873. The power is incident to all courts of superior jurisdiction. *Newcomb v. Wood,* 97 U. S. 581, 583, 24 L. Ed. 1085. By statute in nearly every state, provision has been made for such reference of controversies at law, and there is nothing in the nature of the proceedings, or in the organization of a court of equity, which should preclude a resort to it in controversies involving equitable considerations. By the consent in the case at bar it was intended that the master should exercise power beyond that of a report of the testimony. If there had been such a limitation of his authority, there would have been no purpose in adding to his power 'to hear the evidence,' the power to 'decide all the issues between the parties and make his report to the court, separately stating his findings of law and fact' together with the evidence. To disregard the findings and treat the report as a mere presentation of the testimony is to defeat, as we conceive, the purpose of the reference and disregard the express stipulation of the parties. We are therefore constrained to hold that the learned court below failed to give to the findings of the master the weight to which they were entitled, and that they should have been treated as so far correct and binding as not to be disturbed, unless clearly in conflict with the weight of the evidence upon which they were made."

We believe the foregoing case states the rule applicable to the case at bar, and the same rule has been followed by this court in *Hope v. Bourland,* 21 Okla. 864, 98 Pac. 580, and several other cases. It cannot be said that the findings of fact of the master are clearly in conflict with the weight of evidence upon which they were made. To our mind the preponderance inclines in favor of his report.

In controversies involving heirship and the legitimacy of children, the presumption of law is in favor of legitimacy, and the reason back of this presumption is that the law encourages

decency and morality and right living. In 8 Enc. of Ev. 165, the rule is stated thus:

"In controversies involving the question of legitimacy, direct evidence of marriage is not necessary. It may be inferred from the circumstances, and ordinarily, when not inconsistent with other facts in evidence, proof of cohabitation and reputation is sufficient. \* \* \* After a long lapse of time, the parties being dead, the legitimacy of a child shown to have been born of a certain man and woman is presumed, although there is no evidence of marriage."

*Kelly's Heirs et al. v. McGuire et al.,* 15 Ark. 555, is also in point on this question. Marriage in the case at bar was alleged to have taken place in the Indian Territory 1856 or 1858. In *Re Robb's Estate,* 37 S. C. 19, 16 S. E. 241, it was held that:

"After the lapse of 70 years, proof that a person is the child of a certain man and woman, and was so recognized and treated by the parents and other members of the family, raises a *prima facie* presumption of legitimacy."

There was no serious contention that the appellants, Margaret Locust and Johanna Parish, were not born of the cohabitation of Sam Hensley and Lydia Tehee. The Supreme Court of Pennsylvania, in *Re Estate of Pickens,* 163 Pa. 14, 29 Atl. 875, 25 L. R. A. 477, in approving the above doctrine, holds that:

"In such an inquiry as this there is always a presumption in favor of marriage, which is strengthened by lapse of time; and after 90 years it cannot be overcome except by strong, direct and satisfactory proof."

In the Pennsylvania case the common ancestor, Susan Pickens, had at different times lived with John Obenstein and Henry Pickens and had borne children to each. The last survivor of these persons died over 30 years before the cause was tried. There was no direct evidence of a marriage to either, but presumably she was the lawful wife of each; such a presumption being entirely consistent with the facts as established by the testimony. The court further held that, if conflicting presumptions arose, that in favor of innocence and legitimacy would prevail.

We do not feel called upon to review all the evidence taken

at the trial, as it is very voluminous. There is a great mass of evidence going to show the actual marriage of the parties, and, as the presumption is that a marriage is legal, the burden to show its illegality was upon the appellees, and to our mind they have failed to sustain it.

It follows from the views expressed that the decree of the court below must be reversed, and the cause remanded, with directions to confirm the report of the master and to take such further proceedings as are necessary and not inconsistent with this opinion.

All the Justices concur.