## JONES v. BALSLEY & ROGERS *et al.*

### No. 509.   Opinion Filed September 13, 1910.

### (111 Pac. 942.)

1. **VENUE—Change of Venue—Time for Application.** An application for change of venue under section 6479, Mansf. Dig. (section 3556, Ind. T. Ann. St. 1899), upon the ground that a fair and impartial trial cannot be had because of the undue influence of applicant's adversary, made before the issues are made up, is premature.

2. **JURY—Trial—Right to Jury Trial—Transfer of Cause—Waiver.** An action was brought in one of the United States courts of the Indian Territory, before the admission of the state, on the law docket, for a foreclosure of a mechanic's or materialman's lien. Upon motion of defendant, over objections of plaintiff, the cause was transferred to the equity docket. Thereafter, upon agreement of plaintiff and defendant made in open court, the cause was referred to the master to make findings and report upon all questions both of law and fact. Held, that by said agreement plaintiff waived any right he may have had to a trial by jury, and his objections to the transfer of the case to the equity docket.

3. **PLEADING—Misjoinder of Causes of Action.** Plaintiff alleged in his petition a cause of action against the contractors, entitling him to a judgment upon their account for material fur-

nished, and to a decree foreclosing his lien against the buildings of the owners. He also endeavored to allege and recover on a contract between him and the owners of the buildings, whereby it is alleged that the owners of the buildings agreed that they would pay the account of the contractors for the material furnished. **Held,** that there was a misjoinder of causes of action, and the court did not err in sustaining a motion to strike out that part of the petition which sought to recover personal judgment against the owners of the buildings.

4.  **MECHANICS' LIENS—Time for Filing Claim.** The furnishing of material gratuitiously to take the place of defective material, theretofore furnished and charged, does not operate to extend the statutory period of 60 days from the time the material shall have been furnished or the labor performed within which a subcontractor shall file his claim of lien, as provided in section 4402, Mansf. Dig. (section 2870, Ind. T. Ann. St. 1899).

(Syllabus by the Court.)

*Error from District Court, Johnston County; A. T. West, Judge.*

Action by James E. Jones against E. S. Balsley and others. From a judgment granting inadequate relief, plaintiff brings error. Affirmed.

See, also, 25 Okla. 344, 106 Pac. 830.

This suit was filed in the United States Court for the Southern District of the Indian Territory, at Tishomingo, by James E. Jones, plaintiff in error, against E. S. Balsley and J. F. Rogers, doing business under the firm name of Balsley & Rogers, contractors, and against S. T. Bledsoe, H. L. Muldrow, and B. H. Colbert, as owners, of four certain buildings in the town of Tishomingo, to recover the sum of $862.85, and to enforce a lien for material furnished and used in the construction of said four buildings. At the time of the admission of the state, the suit was pending upon a report of the master in chancery and the exceptions of plaintiff thereto. The cause having been transferred to the district court of Johnston county in pursuance of the terms and conditions of the enabling act, that court overruled plaintiff's exceptions to the report of the master in chancery, confirmed the report, and rendered judgment in favor of plaintiff against Balsley & Rogers, contractors, for the amount claimed, but decreed that he

take nothing against the other defendants in error. It is from that portion of the decree which denies plaintiff any relief against the defendants Muldrow, Bledsoe, and Colbert, and any decree foreclosing his alleged lien, that this proceeding in error is prosecuted.

*Arnote & Monk,* for plaintiff in error.

*Cottingham & Bledsoe,* for defendants in error.—On question of misjoinder: *Renfroe v. Shuman* (Ga.) 21 S. E. 373; *Jackson v. Bush* (Ala.) 1 South. 175; *Sanders v. Clason,* 13 Minn. 379; *Berg v. Stanwood* (Minn.) 45 N. W. 15; *Spencer v. Candelaria, etc., Co.,* 118 Fed. 921; *Stewart v. Rosengren* (Neb.) 92 N. W. 586; *New v. Smith* (Kan.) 74 Pac. 610. On question of change of venue: *Wilson v. Fowler,* 15 Ark. 473; *Montgomery v. Scott,* 32 Wis. 249; *Purcell, etc., Co. v. Bryant* (Ind. T.) 89 S. W. 662; *Duncan v. Tufts* (Ark.) 12 S. W. 873; *Ellis v Fitzpatrick,* 64 S. W. 567; *Hoyt v. Elliott,* 28 Ark. 294; *Dawson v. Vaughn,* 42 Ind. 395; *Eddy v. Houghton,* 91 Pac. 397. On time for filing mechanic's lien: *Schwab .v. Frieze* (Mo. App.) 81 S. W. 1174; *King Bros. v. Cleveland, etc., Co.,* 34 N. E 436; *Congdon v. Kendall,* 73 N. W. 659; *Harrison v. Woman's, etc., Ass'n.,* 19 Atl. 804; *Johnson v. Gold* (Minn.) 21 N. W. 719; *Davis v. Alvord,* 94 U. S. 548; *Campbell & Williams v. Wm. Cameron '& Co.* (Ind. T.) 82 S. W. 762.

HAYES, J. (after stating the facts as above). Ten assignments of error are set out in the brief for reversal, but in the argument only four propositions are urged against the correctness of the judgment; and we shall notice only those propositions presented in the argument in the brief.

One of the actions of the court complained of was a refusal to grant the plaintiff a change of venue. After the filing of the original petition on the 22d day of August, 1903, plaintiff filed in the court below on the 21st day of October of the same year, before any other pleadings had been filed, his petition for a change of venue. On the next day, defendants in error filed a demurrer to the peti-

tion and a plea of misjoinder. Whereupon plaintiff obtained leave to file, and did file, an amended petition, to which the defendants in error demurred, and also filed a motion to make more definite and certain and a plea of misjoinder. After the plea of misjoinder had been sustained, and while the amended petition was pending upon defendants' motion to make the same more definite and certain, which was later sustained, plaintiff presented his motion for a change of venue, which was by the court then overruled. Subsequently defendants answered, and the cause was referred to the master. It does not appear from the record upon what ground the trial court denied the change of venue, but there appears at least one sufficient reason why such action is not reversible error. The change of venue sought by plaintiff was upon the ground that, on account of the undue influence of defendants, he would not be able to obtain a fair and impartial trial in the southern district of the Indian Territory, where the action was pending. The statutory provisions authorizing a change of venue upon such ground in the Indian Territory are to be found in chapter 57, Ind. T. Ann. St. §§ 3556-3561 (Mansf. Dig. Ark. c. 153), and section 51, Ind. T. Ann. St. Section 3556 provides that:

"Any party to a civil action, trial by jury, may obtain an order for a change of venue therein by motion upon a petition stating that he verily believes that he cannot obtain a fair and impartial trial in said action in the county in which the same is pending on account of undue influence of his adversary or the undue prejudice against the petitioner, or his cause of action or defense in such county."

Subsequent sections authorize the order to be granted by the judge of the court in open court, or in vacation after notice in certain cases, and require that when the petition has been presented in conformity to the statutes, the judge shall make the order. This statute was designed to insure a party to a civil action, where there is a trial by a jury, a fair and impartial jury to try his cause, and it has application only to those civil actions wherein there is a trial by a jury. *Wise v. Martin,* 36 Ark. 305. It is

not the purpose of this statute to provide relief where the presiding judge is biased or prejudiced. That relief is afforded by other statutes. Sections 46 and 3699, Ind. T. Ann. St.

It cannot be ascertained in any civil action, before the issues are joined, whether there will be any trial by a jury. . If the petition does not state a cause of action, there can be no trial anywhere. If defendant fails to answer, plaintiff is entitled to judgment by default; or if, after defendant answers, it be determined that he has no valid defense, a change of venue affords no relief, and it was not intended that plaintiff should be permitted to incur costs for no purpose. Nor can it be said of a defendant who has never answered that he is entitled to a change of venue in order to have an impartial trial, for his answer may disclose that he has no valid defense, and in that event there should be a judgment against him on the pleadings. We have been unable to find any decision from the Supreme Court of Arkansas construing the statute upon this question. The statute does not fix the time for filing the petition; but, consistent with the purpose of the statute and upon sound reason, we think that when the application is made before the issues are joined, it is premature. The reasoning of the court in *Hudley v. State,* 36 Ark. 237, although not directly in point, supports this conclusion. That was a criminal case, in which defendant objected to the jurisdiction of the court to which the cause had been transferred, because the change of venue had been granted before arraignment in the court from which the cause was transferred. In the opinion it is said:

"It has been said to be a safe and judicious practice to require the plea of not guilty to be given in before the change of venue is awarded (citing authorities). Doubtless it is the better practice to arraign the defendant, and require him to plead to the indictment, before the order changing the venue is made, because it might turn out, in the court to which the venue is changed, that the indictment might be quashed on plea in abatement, motion or demurrer, and the public would be at the expense and delay of remanding the defendant to the county where the offense was committed for a new indictment."

The court in that case, however, held that the irregularity of

the court was not prejudicial to defendant, because the change of venue was obtained upon his petition, and he had the benefit of an arraignment and plea of not guilty in the court in which the action was transferred.

"Where the convenience of the witnesses, or the impossibility of obtaining an impartial trial, is the ground of the motion, it should not be made till after issue joined." (2 Wait's Prac. p 630, and authorities there cited; *State v. Swepson*, 81 N. C. 571; *State v. Haywood*, 94 N. C. 847. See, also, *Eddy v. Houghton et al.*, (Cal. App.) 91 Pac. 397; *Matlock v. Fry et al.*, 15 Ind. 483; *Dawson et al. v. Vaughan*, 42 Ind. 395.)

A second motion could have been made by plaintiff after the issues were joined. *Merrill v. Grinnell et al.*, 10 How. Prac. (N. Y.) 31. But none was made.

Under the statutes in force in the Indian Territory, the holder of a mechanic's lien had his remedy to enforce same either by an action at law or by a proceeding in equity for foreclosure. *Murray v. Rapley*, 30 Ark. 569; *Kizer Lumber Co. v. Mosley*, 56 Ark. 544, 20 S. W. 409. Plaintiff filed this action on the law side of the docket. Upon motion of defendant, and over objections of plaintiff, the court ordered it transferred to the equity docket. Whether this action of the court was error is not necessary to determine, because plaintiff subsequently waived his objections to the transfer by agreeing that the cause might be referred to a master, to make and report findings of fact and conclusions of law. A proceeding to enforce a mechanic's lien is in its nature an equitable proceeding, and the cumulative remedy of enforcement by action at law exists by reason of the provision of the statute. Ind. T. Ann. St. 1899, § 2879 (Mansf. Dig. § 4412). The burden upon plaintiff as to allegations of his petition and as to the proof to entitle him to recover is neither greater nor less in an action at law than in a proceeding in equity. The only difference is that, in an action at law, he is entitled to a jury trial. Subsequent to the order transferring the cause to the equity docket, plaintiff twice agreed in open court that the cause should be

referred to the master, to report on the facts and the law, and the reference was made in accordance with said agreements. Consent to refer an action amounts to a tacit admission that the action is a referable one. *Yates v. Russell,* 17 Johns. (N. Y.) 461; *Bloore v. Potter et al.,* 9 Wend. (N. Y.) 480; *Eau Claire Fuel & Supply Co. v. Laycock,* 92 Wis. 81, 65 N. W. 732; *Williams v. Weeks,* 70 S. C. 1, 48 S. E. 619. And a party who has agreed to a reference cannot afterwards demand a jury trial. *Hewitt v. Egbert,* 34 Iowa, 485. The only prejudice resulting to the plaintiff from the transfer of the case was the depriving him of a jury trial; but he subsequently agreed to a reference, and thereby waived this right.

Plaintiff, in his petition, in addition to alleging facts showing him entitled to recover personal judgment on his account against the contractors, Balsley & Rogers; and to a lien upon the buildings of the other defendants in the construction of which the material furnished to Balsley & Rogers had been used, alleges in separate paragraphs that the defendants, Bledsoe, Muldrow and Colbert, agreed with plaintiff that they would pay him for the material furnished to Balsley & Rogers to be used in said buildings, and seeks a personal judgment against the three last named defendants. To these paragraphs of the petition defendants in error objected by demurrer and by a plea of misjoinder in the nature of a motion to strike, upon the ground that the same was a misjoinder of causes of action. The latter procedure was the correct one. *Dyer v. Jacoway,* 42 Ark. 186; *Ashley v. Little Rock,* 56 Ark. 391, 19 S. W. 1058. And the court did not err in sustaining said motion. It is permissible to join an action to enforce a mechanic's lien, which is an action *in rem,* with an action seeking a personal judgment against the parties to whom the material has been furnished. *Brugman v. McGuire,* 32 Ark. 733. But the petition in the case at bar seeks to do more than this. Plaintiff not only seeks to recover personal judgment against the contractors and a decree foreclosing his lien as a subcontractor against the buildings of the other defend-

ants, but also seeks to recover a personal judgment against the other defendants upon a contract with them whereby he alleges they agreed to pay for the material. The owners of the buildings were not parties to the contract between plaintiff and the contractors, nor were the contractors parties to the contract upon which personal judgment is sought against the owners of the buildings. Several causes of action may be united in the same complaint, where each cause affects all the parties to the action, and may be prosecuted by the same kind of pleading, and all belong to one of certain named classes specified in the statute. Section 3219, Ind. T. Ann. St. But the cause of action for personal judgment against the owners of the buildings grows out of an alleged contract to which the contractors are not parties. It therefore does not fall within this statute. *Renfroe v. Shuman,* 94 Ga. 153, 21 S. E. 373; *Sanders et al. v. Clason et al.,* 13 Minn. 379 (Gil. 352); *Berg v. Stanhope,* 43 Minn. 176, 45 N. W. 15; *Spencer v. Candelaria Waterworks '& Milling Co.* (C. C.) 118 Fed. 921; *New et al. v. Smith et al.,* 68 Kan. 807, 74 Pac. 610.

A contractor may, by following the procedure prescribed in section 2870, Ind. T. Ann. St. (Mansf. Dig. § 4403), obtain a lien on any building or improvement for the construction of which he has furnished material or labor to secure the payment in full of his account therefor; but, in order to avail himself of the benefits of this section, he must, first, before or at the time he furnishes the material or performs the labor, give to the owner cr proprietor of the building notice of his intention to furnish or perform same, and the probable value thereof; second, after the material is furnished or labor done, he must have settlement with the contractor therefor in writing, signed and certified to by the contractor as just; third, said settlement must be served upon and left with the owner or proprietor of the building; fourth, and within sixty days from the time the things shall have been furnished or labor performed a copy of said settlement, together with a description of the property to be charged with the lien, the correctness of which shall be verified by affidavit, shall be

filed with the clerk of the court of the district in which the property is located. If the notice is given as required by this section, subsequent payment by the owner of the building to the contractor will not defeat the lien of the sub-contractor. *Buckley v. Taylor,* 51 Ark. 302, 11 S. W. 281. But said notice is essential to the lien, and, where not given, the subcontractor acquires no lien, except such as may be acquired by his compliance with the provisions of section 2888. Section 4421, Mansf. Dig. Plaintiff gave no notice as required by section 2870, and therefore has no lien under said section. *Campbell et al. v. Wm. Cameron & Co.,* 5 Ind. T. 323, 82 S. W. 762. The foregoing case was reversed by the Circuit Court of Appeals (*Wm. Cameron & Co. v. Campbell,* 141 Fed. 32, 72 C. C. A. 521), but not upon this question.

By virtue of the provisions of section 2888, where no notice has been given by the subcontractor, as required by section 2870, but all the other things prescribed by the statute have been done, the subcontractor has the benefit of a lien, the same as if he had given notice, to the extent, but only to the extent, that the owner can' safely, with his engagement and liabilities on the account of the building, erection, or other improvements, withhold any amount by him owing to his contractor. Whether plaintiff has any lien under this section, depends upon, first, whether his settlement with the contractor and claim of lien was filed within sixty days after the last material was furnished; and, second, whether defendants in error, as owners of the buildings, were, at the time of service of said settlement and filing of the lien, in a position to withhold any amount from the contractor. The lien was filed on the 29th day of April, 1903. The claim of lien filed does not show that any material was furnished within the sixty days next preceding that date, except there is a charge made on March 4, 1903, for "4 Lights Glass, 20x33"; but the master found that this item of material was furnished to take the place of broken glass, and that no extra charge was made therefor. Plaintiff urges that this finding of the master is not supported by the evidence. We have carefully reviewed the record, and find that there is abun-

dant evidence to show that no charge was to be made for said item of material. In support thereof is a letter from plaintiff to the contractors, written at or about the time the material was shipped, in which he states that no charge is to be made for it. Whether no charge was made for this item because it was to take the place of broken glass, as found by the master, does not appear so clear from the evidence; but there is evidence in the record tending reasonably to support this conclusion, and, since the cause was referred upon an agreement of the parties, his report should not be set aside, unless clearly in conflict with the evidence upon which it is made. *Locust et al. v. Caruthers et al.*, 23 Okla. 373, 100 Pac. 520. It is not contended that the lien was filed in time unless the item furnished on March 4th extended the time within which to file it, for the next last item was furnished on the 23d day of the preceding January. But the furnishing of material gratuitously, to take the place of defective material theretofore furnished and charged, does not operate to extend the statutory time for filing the lien. *Homeopathic Ass'n. v. Harrison,* 120 Pa. 28, 13 Atl. 501; *Congdon v. Kendall,* 53 Neb. 282, 73 N. W. 659; *King et al. v. Shipbuilding Co.,* 50 Ohio St. 320, 34 N. E. 436; *Cole v. Clark,* 85 Me. 336, 27 Atl. 186, 21 L. R. A. 714.

There is another reason why plaintiff's claim cannot prevail. Where a lien is perfected under section 2888, *supra,* without the notice required by section 2869, *supra,* it is a charge against the buildings and improvements only to the extent of the indebtedness of the owner to the contractor that may be safely withheld by him from the contractor for the subcontractors. The evidence supports the finding of the master that the contract between defendants in error and Balsley & Rogers was entered into in the month of September, 1902, and that the contractors agreed to construct the four brick buildings for the sum of $5,123. They entered upon the construction of the buildings, and continued their work until some time in November or December, when dissatisfaction arose between them and defendants in error, and de-

fendants in error took charge of the construction and completed the buildings at a total cost to them of $5,863.88, which was about $700 in excess of the contract price. There is no finding of the master, nor is there any evidence showing that defendants in error, at the time plaintiff served the settlement between him and the contractors upon them, owed the contractors any sum whatever, or that they have been due any sum upon the contract since said date.

Finding no error in the record requiring reversal, the judgment of the trial court is affirmed.

DUNN, C. J., and KANE and WILLIAMS, JJ., concur; TURNER, J., not participating.