## WRIGHT v. TEHEE.

Nos. 13112, 13113, Consolidated.—Opinion Filed March 4, 1924.

(Syllabus.)

**Bastards—Presumption of Legitimacy—Proof of Illegitimacy.**

In an action involving heirship and legiti-macy of children, after a long lapse of time, where proof is given that a certain man and woman are the parents of the child and that the child was so recognized and treated by the parents and other members of the family, legitimacy will be presumed, even though there was no direct evidence of the marriage of the father and mother, but where the evidence is undisputed, clear, and convincing that no marriage relation of any kind or character ever existed between the parents of the child, the finding of the trial court that such child was illegitimate is sustained by sufficient evidence.

Error from District Court, Delaware County; A. C. Brewster, Judge.

Actions by Felix M. Tehee against Ethel J. Wright. Judgment for plaintiff, and defendant brings error. Affirmed.

Wm. J. Hulsey and B. S. Null, for plaintiff in error.

E. C. Fitzgerald, for defendant in error.

COCHRAN, J. The above cases were commenced by the defendant in error for the purpose of determining his interest in certain lands in Delaware and Mayes counties, Okla., which were allotted to Oscar H. Tehee, a Cherokee Indian, and a partition of said lands. Oscar Tehee died in 1904, leaving surviving him the following brothers and sisters: Christian Tehee, Moody Tehee, Felix M. Tehee, and Annie Tehee. The plaintiff in error is a child of Annie Tehee and Will Wright. Christian Tehee died in 1911, Moody Tehee in 1915, and Annie Tehee in 1916. The plaintiff in error claims an interest in that portion of the Oscar H. Tehee lands which had been inherited by Christian Tehee. It is conceded by both parties that the questions involved in this case are whether Annie Tehee and William Wright were ever married and whether Ethel J. Wright is an illegitimate child of Annie Tehee. The plaintiff in error contends that the judgment of the trial court is not sustained by sufficient evidence and is therefore contrary to the law, but admits that the judgment is correct if the testimony is sufficient to establish that Ethel J. Wright is an illegitimate child of Annie Tehee. The plaintiff established by clear and undisputed evidence that no marriage relation, either ceremonial or by custom, existed between Annie Tehee and Will Wright, and that they never lived together as husband and wife and never held themselves out to the public as such. No testimony was introduced by the defendant to contradict this testimony, but the defendant relied upon the presumption of legitimacy arising out of proof that she was a child of Will Wright and Annie Tehee, and contends that the testimony was not sufficient to overcome this presumption. In Locust v. Caruthers,

23 Okla. 373, 100 Pac. 520, this court announced the following in the syllabus:

"In controversies involving heirship and legitimacy of children, the presumption of law is in favor of legitimacy, and the reason back of this presumption is that the law encourages decency and morality and right living.

"After a long lapse of time, where proof is given that certain persons are the children of a certain man and woman and were so recognized and treated by the parents and other members of the family, legitimacy will be presumed, even though there was no direct evidence of the marriage of the father and mother."

However, where there is undisputed, clear, and convincing evidence that no marriage relation existed between the parents of the child, the presumption of legitimacy is overcome. The judgment of the trial court finding that the child is illegitimate is supported by sufficient evidence, and should be affirmed. It is so ordered.

JOHNSON, C. J., and KENNAMER, NICHOLSON, and MASON, JJ., concur.