## TAYLOR BROS. v. GILL et al.

No. 17605. Opinion Filed Sept. 13, 1927.

(Syllabus.)

**Mechanics' Liens—Time of Filing Subcontractor's Lien Statement not Extended by Making Substitution for Defective Fixture.**

Where a subcontractor replaces, without charge, a certain fixture in substitution for a defective one formerly furnished by said subcontractor, such substitution constitutes the correction of a defective item furnished during the running of the account, and the correction relates back to the date when the defective item was furnished.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Action by Taylor Brothers against Mattie Gill and others as foreclose materialman's lien. Judgment for defendants, and plaintiffs bring error. Affirmed.

Tomerlin & Chandler, for plaintiffs in error.

D. A. Richardson, S. W. Hayes, and A. W. Gilliland, for defendants in error.

LESTER, J. The parties to this action appear in this court in the same relation as in the district court.

The plaintiffs brought an action against the defendants for the balance alleged to be due them on account of having furnished to the defendants certain plumbing fixtures together with labor performed in installing the same.

One of the defendants, John Semke, had entered into a contract with the defendant Mattie Gill to erect a certain building on a lot located in the Harndale addition of Oklahoma City.

Semke during the progress of the work made a contract with the plaintiffs to furnish and install certain plumbing fixtures in said building.

It appeared that there was an unpaid balance due the plaintiffs, and the plaintiffs sought judgment against the defendant Semke for the balance due on said contract, and also a judgment foreclosing a lien against the property of the defendants Mattie Gill and B. F. Gill.

The two last-named defendants filed a general denial to the plaintiffs' petition. The cause was tried to the court and resulted in a judgment in favor of the plaintiffs for the unpaid balance against John Semke, but the court denied a recovery against the defendants Mattie Gill and B. F. Gill. From the judgment of the court in favor of the defendants Gill, the plaintiffs have perfected their appeal to this court.

From an examination of the record, together with the briefs filed in the case, we find that there is but one question for review here. It is shown by the record that the building was completed on or about the 20th day of August, 1924. The defendants

Gill took possession of the building on August 30, 1924.

The plaintiffs filed their lien claim in the office of the court clerk of Oklahoma county, Okla., on the 6th day of November, 1924. The defendants Gill contended that the contract had been completed long prior to the 60-day period in which the plaintiffs filed their lien claim under section 7463, C. O. S. 1921.

It appears that shortly after the defendants Gill took possession of the said property, they found that a certain tank which had been installed by the plaintiffs was defective. Semke, the principal contractor, called the attention of the plaintiffs to the condition of the tank, whereupon the plaintiffs removed said tank and substituted another one on the 10th day of September, 1924, and the substitution of this tank has caused the question to be raised as to whether the lien of the plaintiffs, which was filed on the 6th day of November, 1924, was within 60 days after the date upon which material was last furnished or labor last performed under the subcontract, as provided by section 7463, C. O. S. 1921.

No charge was made by the plaintiffs in replacing the substituted tank.

Joe Taylor, on behalf of the plaintiffs, testified in part, as follows (C.-M. 36):

"Q. Now, on September 10th, all you did was to put in a new tank in the closet in the place of a defective one, is that right? A. Yes. Of course the plumber might have done other work there. I can't say as to that. Q. Did you make any extra charge for that new tank? A. No, sir."

The plaintiffs in their brief cite only the following statement of law to sustain their proposition:

"The provisions of the mechanic's lien law should be interpreted so as to carry out the object had in view by the Legislature in enacting it, namely, the security of the classes of persons named in the act upon its provisions being in good faith substantial'y complied with." Eberle v. Drennan, 40 Okla. 59, 136 Pac. 162.

We have examined this case from which the above statement is taken, and we find that the facts there were wholly different from the facts in the instant case, nor do we believe, under the most liberal construction that may be given the provisions of the mechanic's lien law, that a failure to file the lien claim within statutory time can be excused.

In the case of Bryan v. Orient Lumber &

Coal Co., 55 Okla. 370, 156 Pac. 897, it was said:

"While the law providing for a materialman's lien should be liberally construed to effectuate the object of the law, it is a condition precedent to the establishment of such lien that the proper lien statement be filed with the clerk of the proper district court, within the time provided by section 3863, Rev. Laws 1910, if the party seeking the lien be an original contractor, and within the time provided by section 3864, Rev. Laws 1910, if the parties seeking the lien be a subcontractor; and such subcontractor must also give notice of the filing of such lien statement to the owner."

And in the body of the opinion the court said:

"The materialman's lien is a creature of statute; and while it must be liberally construed to effect the beneficent purpose of the law, yet it is a condition precedent to effectuating a lien that the lien statement be filed in the office of the clerk of the district court of the proper county within the time prescribed by law, and such time must be estimated from the time the last item of material was furnished."

The rule is well established also that work of the nature relied on by the plaintiffs in this case for an extension of the time within which to file their lien statement does not effect such an extension. The case of Jones v. Balsley & Rogers, 27 Okla. 220, 111 Pac. 942, appears to be the first case decided by this court on that question. The case arose prior to statehood and was governed by the Arkansas statutes, but the provisions of the Arkansas statutes applicable were similar in all essential respects to our present statutes. The following quotation from the body of the opinion shows the facts upon which the opinion was based and the conclusion of the court thereon:

"The lien was filed on the 29th day of April, 1903. The claim of lien filed does not show that any material was furnished within the 60 days next preceding that date, except there is a charge made on March 4, 1903, for '4 Lights Glass, 20x33'; but the master found that this item of material was furnished to take the place of broken glass, and that no extra charge was made therefor. * * * It is not contended that the lien was filed in time unless the item furnished on March 4th extended the time within which to file it for the next last item was furnished on the 23rd day of the preceding January. But the furnishing of material gratuitously, to take the place of defective material theretofore furnished and charged, does not operate to extend the statutory time for filing the lien. Homeopathic Assn. v. Harrison, 120 Pa. 28, 13 Atl. 501, Congdon

v. Kendall, 53 Neb. 282, 73 N. W. 659, King et al. v. Shipbuilding Co., 50 Ohio St. 320, 34 N. E. 436, Cole v. Clark. 85 Me. 336, 27 Atl. 186, 21 L. R. A. 714."

The decision of the court is summarized in the fourth paragraph of the syllabus as follows:

"The furnishing of material gratuitously to take the place of defective material, theretofore furnished and charged, does not operate to extend the statutory period of 60 days from the time material shall have been furnished or the labor performed within which a subcontractor shall file his claim of lien, as provided in section 4402, Mansf. Dig. (section 2870, Ind. T. Ann. St. 1899)."

In the case of Holmes v. S. H. Kress & Co., 100 Okla. 131, 223 Pac. 615, this court said:

"Where a building has been accepted as completed according to the terms of the building contract, and the principal contractor paid in full for the construction of same, a subcontractor cannot extend the time for claiming and filing a lien statement by delaying for an unreasonable length of time performance of a trifling matter, although it may be required by the contract."

In the Supreme Court of California, in the case of Hammond Lumber Co. v. Yeager, 197 Pac. 111, it is said:

"Where a building contract was substantially completed on September 20th, and the owner accepted it, took possession, and entered into its occupancy on September 28th, a finding that the building was completed September 20th, so as to start running the time for filing mechanics' liens was warranted, though the contractor after the owner had taken possession replaced work defectively done at a cost of $35.50."

In the case of Fox & Co. v. Roman Catholic Bishop of the Diocese, 215 Pac. 178, the Supreme Court of Oregon said:

"A building, as respects time for filing liens, is completed when the contractor has substantially complied with the terms of his contract, and the later work of supplying trifling items omitted or repairing defects or remedying inferior workmanship will not be considered as postponing the time limitation for filing liens."

In the case of H. F. Cady Lumber Co. v. Reed, 90 Neb. 293, 133 N. W. 424, the lien statement was filed December 21, 1908. The last material was furnished October 15, 1908, except that on November 6th the lumber company furnished three window panes to replace some panes previously furnished which were not the proper size. The Nebraska statute provided that lien claims must be filed within 60 days from the date the last material was furnished. The court held:

"A subcontractor whose only agreement is with the contractor cannot extend the time within which he may file a mechanics' lien by substituting proper material for defective material theretofore furnished and charged to the contractor."

In Hartley v. Richardson, 91 Me. 424, 40 Atl. 336, the plaintiff undertook to plaster some houses for the defendant. The plaintiff finished his job on August 19th, and then on October 7th, after the carpenters had finished their work, plaintiff returned to the houses and patched up some bruised places and did some other repair work where his plastering had proved defective. He filed his claim for a lien October 23rd. In denying the plaintiff a right to recover, the court said:

"While the lien law should be construed favorably to the laborer, the rights of the owner and subsequent grantees should also be respected. The laborer ought not to be encouraged to leave some trifling matter incomplete and wait to see if his payment is made, and, if that fails, complete the trifling work left, and be allowed to revive and continue his lien, to the detriment of parties, who in good faith, relying upon the records, and the apparent completion of the work of the laborer, pay the contractor, or take a conveyance of the property. Protection to the laborer should not operate a fraud upon other innocent parties."

In R. J. Schwab & Sons Co. v. Frieze, 107 Mo. App. 553, 81 S. W. 1174, the second paragraph of the syllabus is as follows:

"Certain furnaces, intended for use in defendant's dwelling houses, were delivered by a subcontractor to a carrier for shipment September 11, 1902, and were accepted in due course. Thereafter, one of the parts being broken in transit, a new part was furnished; the purchaser's account being charged with the price thereof on November 5, 1902, and on the same day credited with the same amount for the part broken. A mechanic's lien was subsequently filed on March 3, 1903, for the purchase price of the furnaces. Held, that the transaction on November 5th did not constitute an item for which a charge was made and a lien claimed, and hence the lien not having been filed within four months after the indebtedness accrued as required by Rev. St 1899, section 4207, it is fatally defective."

In the case of J. F. Meyer Mfg. Co. v. Sellers, 192 Mo. App. 489, 182 S. W. 789, the plaintiffs replaced a door they had furnished previously and which had proved defective. The lien statement was filed within the period prescribed by statute from the time the defective door was replaced, but

not from the time the last material prior thereto had been furnished. The court there said:

"The owner had accepted the property as satisfactory, and, while he afterwards said to the contractor that he thought he ought to have a new door in place of the one that was defective, there is no evidence that he demanded it as a matter of contract right. The evidence shows rather the voluntary and gratuitous furnishing of a new door to replace the old one, and thereby make good the defect and cure plaintiff's fault in supplying the first door. We do not think a materialman can, after the termination of an account, extend the time allowed by statute for filing a lien therefor merely by rectifying some fault of his in performing the contract. When the new door was supplied in March, 1913, it was not the addition of a new item to the account so as to bring it down to said date. It was merely the correction of a defective item furnished during the running of the account, and the correction related back to the date when the defective item was furnished. The case is not like the one where the owner stands upon the contract and refuses to accept the property until the contract has been complied with by the supplying of something not yet furnished, nor is it at all analogous to one where the owner desires a change made, and succeeds in having something else supplied that is different from that agreed upon in the original contract."

It is shown by the record that the plaintiffs made no charge for the work performed or materials furnished on the 10th day of September, 1924. The plaintiffs furnished a new tank to replace the defective one under the original contract, and such acts upon the part of the plaintiffs merely constituted the correction of a defective item furnished during the running of the account, and the correction thereof related back to the date when the defective item was so furnished.

In conformity with the rule announced in the cases herein cited, we hold that the replacing of the defective tank by the plaintiffs did not operate to extend the time of the plaintiffs' claim to the 10th day of September, 1924, but that such act on the part of the plaintiffs related back to the date when the tank was originally furnished by plaintiffs.

It appearing that, at the time the plaintiffs filed their lien claim in the office of the court clerk of Oklahoma county more than 60 days had expired from the completion of plaintiffs' contract, said filing was without force or effect and, therefore, did not subject defendants' property to a lien.

Judgment is affirmed.

BRANSON, C. J., MASON, V. C. J., and PHELPS, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See 40 C. J. p. 203, §239.