**JOHNSON et al. v. BEMENT et al.**

No. 15266—Opinion Filed March 3, 1925.

Rehearing Denied April 21, 1925.

**1. Pleading—Construction as Admission.**

An admission, in an adversary's pleadings, to be available, must be taken with all the qualifying clauses and limitations which the pleader has included in it. In other words, it must be taken as a whole; and, where facts are alleged in connection with an admission which nullify it, its effect as an admission is destroyed.

**2. Same—Sufficiency of Petition on Objection to Introduction of Evidence.**

Where the sufficiency of a petition is challenged solely by an objection to the introduction of evidence thereunder, such objection, not being favored by the courts, should generally be overruled, unless there is a total failure to allege some matter essential to the relief sought, and should seldom if ever, be sustained when the allegations are simply incomplete, indefinite, or conclusions of law.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court. Hughes County; Geo. C. Crump, Judge.

Action by T. A. Bement, Allen Bement, and Elga Bement against J. A. Johnson, American National Bank of Wetumka, and Producers National Bank of Tulsa to recover a money judgment. Judgment for plaintiffs against J. A. Johnson and the Producers National Bank, and Johnson and the Producers National Bank appeal. Affirmed.

Samuel A. Boorstin and J. D. Johnston, for plaintiffs in error.

Warren & Crutcher, for defendants in error.

Opinion by FOSTER, C. The controversy involved in this case had its inception in a transaction between the defendants in error. T. A. Bement, Allen Bement, and Elga Bement and J. A. Johnson, concerning the sale of an oil and gas mining lease upon 160 acres of land located in Hughes county.

A recovery was sought against Johnson upon the theory that an oil and gas lease had been executed by the Bements and delivered to Johnson which had not been fully paid for, their claim being that $3,750 of the agreed purchase price for said lease had been withheld.

The Producers National Bank of Tulsa, and the American National Bank of Wetumka were joined as defendants in the action instituted by the Bements in the district court of Hughes county and a recovery sought against the said banks upon the theory that the banks had wrongfully permitted Johnson to withdraw the lease from their custody and place the same on record without collecting the full purchase price therefor, contrary to instructions, whereby damages resulted in the sum of $3,750.

It appears that the lease in controversy was attached to a six day sight draft for $7,500 made payable to T. A. Bement, signed by J. A. Johnson and accompanied by an abstract of title to the real estate covered by said lease, was forwarded through the American National Bank of Wetumka to the Producers National Bank of Tulsa for collection, with instructions to deliver said lease to Johnson upon payment of the draft.

It appears that Johnson, in some manner, obtained the lease from the Producers National Bank of Tulsa and placed the same on record, remitting only the sum of $3,750 of the amount of the draft. Later, after unsuccessful effort by Bement to collect the remaining $3,750, a release of said oil and gas lease, in so far as the lease covered a certain 80 acres thereof was forwarded to Bement who refused to accept it, and the same was returned to Johnson.

There were four counts incorporated in the petition of the Bements. The first count sought to recover judgment against Johnson for the balance of the unpaid purchase money which it was claimed was due for said lease.

The second and third counts sought a recovery against the two banks for the part they played in the transaction in wrongfully permitting the withdrawal of the said lease.

The fourth count sought to establish and enforce a purchase money lien in favor of the Bements as vendors against the leasehold acquired by Johnson under said oil and gas lease.

The answer of the American National Bank of Wetumka was a general denial. The answer of the Producers National Bank and J. A. Johnson was based upon the theory that there was no sale at all made by Bement to Johnson, but that Johnson was a

mere broker in whose hands the lease was placed for sale.

A jury was waived and the cause was tried to the court. At the conclusion of plaintiff's evidence, a demurrer thereto was sustained on behalf of the American National Bank of Wetumka and the cause dismissed as to it.

A similar demurrer interposed on behalf of J. A. Johnson and the Producers National Bank was overruled, and at the conclusion of all the evidence, judgment was rendered in favor of the plaintiffs against J. A. Johnson and the Producers National Bank of Tulsa in the sum of $3,750, interest and costs, declaring said judgment a lien upon the leasehold interest of Johnson in the oil and gas lease acquired by him from the Bements and ordering a sale thereof to apply on said judgment.

Motion for a new trial was filed by J. A. Johnson and the Producers National Bank, overruled, exceptions reserved, and they appeal. For convenience, the parties will be referred to in this opinion as they appeared in the trial court.

The judgment of the trial court against the Producers National Bank of Tulsa for the sum of $3,750 is amply sustained by evidence reasonably tending to show that said bank turned the lease over to Johnson in violation of its duty to plaintiffs.

It is its contention, however, that the admission of any evidence against it was improper because under the allegations contained in plaintiff's petition, and particularly in the second and third counts thereof, no liability was asserted, and hence none could be established by any evidence.

It is asserted that paragraph two of the second cause of action and paragraph two of the third cause of action, when taken and construed together, constitute a solemn admission by the plaintiffs that the lease in controversy was turned over by the Producers National Bank to the defendant Johnson pursuant to instructions given by the plaintiffs through their agent, the American National Bank of Wetumka, while acting within the apparent scope of its authority, and that the plaintiffs are estopped thereby from claiming the benefit of any inconsistent allegations contained in the second count of their petition wherein it is charged that the Producers National Bank wrongfully and in violation of instructions turned the lease over to the defendant Johnson.

Paragraph 2 of the second cause of action is as follows:

"That pursuant to an agreement between these plaintiffs and the defendant, J. A. Johnson, the terms of which are fully set out in plaintiff's first cause of action, plaintiffs on or about the 14th day of November, 1922, delivered to the defendant, the American National Bank of Wetumka, Okla., an oil and gas lease covering the land described in plaintiff's first cause of action together with an abstract covering said land, and attached to a draft for $7,500 payable to plaintiff, T. A. Bement, drawn on J. A. Johnson, care defendant, Producers National Bank of Tulsa, Okla., which draft was signed by the defendant J. A. Johnson himself, and was payable at six days sight after receipt of abstract, with instructions to transmit the said oil and gas lease, abstract and draft to the defendant, Producers National Bank of Tulsa, Okla., for collection of said sum of $7,500; that all of the papers above mentioned and said draft were forwarded to the defendant, Producers National Bank of Tulsa, Okla., together with said instructions, and the same were entrusted to the said defendant, Producers National Bank of Tulsa, Okla., for delivery to the defendant, J. A. Johnson, after said bank had collected from said defendant, Johnson, the said sum of $7,500."

Paragraph two of the third cause of action reads:

"Plaintiffs further state that the defendant, American National Bank of Wetumka, Okla., by accepting said oil and gas lease, abstract and drafts for collection, for transmission to the defendant, Producers National Bank of Tulsa, Okla., thereby became legally bound to transmit the same to the defendant, Producers National Bank of Tulsa, Okla., with instructions consistent with the instructions given it, the said American National Bank of Wetumka, by these plaintiffs; that these plaintiffs have never at any time authorized the defendant, American National Bank of Wetumka, Okla., to deliver, or to permit the defendant, Producers National Bank of Tulsa, Okla., to deliver said oil and gas lease to defendant, J. A. Johnson, without first collecting the full amount of the draft, but plaintiffs state that the defendant, the American National Bank of Wetumka, Okla., has authorized the withdrawal of said oil and gas lease without full payment of the purchase price, the amount of said draft, and acting with the defendant, Producers National Bank of Tulsa, Okla., has wrongfully and unlawfully delivered said oil and gas lease to the defendant, J. A. Johnson, contrary to its instructions, contrary to law and without the consent of these plaintiffs or either of them, which action on the part of said defendant, the American National Bank of Wetumka, Okla., constitutes a breach of duty to these

plaintiffs, thereby damaging plaintiffs in the sum of $3,750."

We think the construction placed upon the paragraphs of the petition quoted is altogether too narrow, when read in the light of the entire petition, and upon a fair consideration of the situation of the parties to the litigation and of the objects and purpose sought to be obtained thereby.

The second and third counts of the petition, when rightfully construed, support, rather, the theory that the plaintiffs were seeking to charge both banks with joint liability in that the wrong suffered was contributed to by both banks acting together in pursuance of a common purpose to wrongfully wrest the possession and control of said lease from the plaintiffs.

The second count of the petition charged the Producers National Bank with a specific wrong in turning the lease over to Johnson in violation of law. The third count charged it, we think, substantially with the same wrong except that in the third count it was further charged to be acting with the American National Bank of Wetumka to deprive the plaintiffs of the control and possession of said lease in violation of a legal duty, owing by them to plaintiffs.

This view, we think, is supported by the fact that the plaintiffs, in the nature of things, could not have known in advance where the fault lay and in order to hold both banks and let the proof develop the wrongdoer, so worded their petition as to allege joint liability.

It is true that the allegations made in the second paragraph of the third cause of action of a conspiracy between the two banks are not as full and definite as they might be, but they are nevertheless sufficient, we think, to dispose of defendants' contention that plaintiffs are estopped from claiming that Producers National Bank wrongfully turned the lease over to Johnson, by reason of inconsistent allegations in the third count of the petition.

In Oklahoma Moline Plow Company v. Smith, 41 Okla. 498, 139 Pac. 285, it is said:

"An admission in an adversary's pleadings, to be available, must be taken with all the qualifying clauses and limitations which the pleader has included in it. In other words, it must be taken as a whole and where facts are alleged in connection with an admission which nullify it, its effect and admission is destroyed."

There is no specific allegation anywhere in the petition of agency by the American National Bank and upon a consideration of the circumstances, as disclosed by the entire record, we are of the opinion that the doctrine of agency invoked by the defendants has no application.

The petition was not demurred to. On the other hand, an answer was filed by the defendants in which no allegations of authorization by the plaintiffs to deliver the lease to Johnson, based on instructions given by the plaintiff's agent, were made.

The answer filed contained matters entirely unrelated to the question of agency, and the issues thus raised by the answer filed were properly found against the defendants.

It is true that the trial court refused the defendants permission to withdraw their answer and file a demurrer when the cause was reached for trial, but this action by the trial court has not been assigned as error and the only manner in which the special objections here urged are shown to have been brought to the attention of the trial court was by the unsuccessful attempt to file the demurrer.

The objections here urged were first raised in the trial court by an objection to the introduction of any evidence by the plaintiffs upon the ground that the petition did not state facts sufficient to constitute a cause of action.

If the petition was subject to objection at all, it was because it was uncertain and indefinite with respect to the conspiracy charged, and the nature and extent thereof.

A defect in the petition of this nature generally cannot be raised merely by an objection to the introduction of evidence thereunder. In Johnson et al. v. Chapman et al., 38 Okla. 42, 131 Pac. 1076, it is said:

"Where the sufficiency of a petition is challenged solely by an objection to the introduction of evidence thereunder, such objection, not being favored by the courts, should generally be overruled, unless there is a total failure to allege some matter essential to the relief sought, and should seldom, if ever, be sustained when the allegations are simply incomplete, indefinite, or conclusions of law."

There is no hint anywhere in the evidence that the American National Bank of Wetumka violated its instructions and authorized the defendant Producers National The bank does not claim that it had such instructions, but, on the other hand, claims that it turned the lease over pursuant to an oil field custom of some kind.

Upon a review of the entire record we are unable to conclude that any substantial right of the defendants has been violated sufficient to justify a reversal.

It is conceded that the judgment of the trial court in so far as it made its judgment of $3.750 a lien upon the leasehold acquired by the defendant Johnson under his oil and gas lease was error, and plaintiffs state in their brief that a modification of the judgment setting aside the lien is not resisted.

It is, therefore, the judgment of this court that the judgment of the trial court in so far as it made its judgment a lien upon the leasehold held by J. A. Johnson under the oil and gas lease acquired by him from the plaintiffs, is vacated and set aside and the judgment as thus modified in all other respects is affirmed.

By the Court: It is so ordered.