SPURRIER LUMBER CO. v. MONTGOMERY et al.

No. 20848. Sept. 12, 1933.

John L. Maynard, for plaintiff in error.

W. J. Peterson, for defendants in error.

RILEY, C. J. This is an action commenced by the Spurrier Lumber Company, as subcontractor, to foreclose a materialman's lien. The original lien statement named J. T. Montgomery as a contractor, Mr. and Mrs. George Haniotis as owners

of the property, and Spurrier Lumber Company as claimant. Instead of setting forth the items of the amount claimed as nearly as practicable, claimant set forth the amount claimed, and in the lien statement stated:

"The items thereof are set forth as nearly as practicable in the note hereto attached, marked exhibit 'A,' and made a part hereof."

The exhibit referred to was a demand note dated February 7, 1928, payable to the Spurrier Lumber Company in the amount claimed in the lien, with interest at 10 per cent. from the date of the note, together with the provision for $10 and 10 per cent. additional as attorney fees, and was signed by the contractor, J. T. Montgomery. In the body of the note was incorporated a statement as follows:

"This note is given for material purchased by J. T. Montgomery from Spurrier Lumber Company, and used in the erection and construction or repair of a certain house for Mr. and Mrs. George Haniotis, located on S. ½ S½ S. E. ¼ N. E.¼ addition to—10 acres more or less section 25 twp. 14 R. 12 E., county of Okmulgee, state of Oklahoma.

"First material delivered and used on said real estate Oct. 5, 1927.

"Last material delivered and used on said real estate Jan. 30, 1928."

The lien statement was filed February 9, 1928; notice thereof was served on George Haniotis on the same day. This action was commenced on January 31, 1929, and was brought against J. T. Montgomery, George Haniotis, and Grace Haniotis, and other defendants claiming an interest in the premises.

The petition is in the usual form and has attached thereto a copy of the note and alleged service of the notice on the defendant George Haniotis. Judgment was prayed for against Montgomery for the full amount of the note, interest and attorneys fee, and for foreclosure of the lien on the premises described.

Defendants George and Grace Haniotis filed separate demurrers.

While these demurrers were pending plaintiff asked and obtained permission to amend its petition by inserting an allegation that the premises against which foreclosure of the lien was sought belonged to George Haniotis alone, and not to him and his wife, Grace, as alleged in the original petition, and by alleging that said premises were the homestead of Grace and George Haniotis, and by attaching an itemized statement of the lumber and material furnished. An amended petition was filed substantially the same as the original except as to the amendment noted above. No reference was made therein to the original petition, or that plaintiff adopted the allegations therein or any part thereof. Separate demurrers to this petition were filed by George and Grace Haniotis referring to the amended petition as a substitute petition. The grounds set forth in the demurrers were: First. That said substituted petition shows on its face that the alleged cause of action in rem against this defendant is barred by the statute of limitations. Second. That the court had no jurisdiction of the interest in the real estate and property owned by this defendant and described in a substitute petition, Third. That said substituted petition does not state facts sufficient to constitute a cause of action in favor of said plaintiff and against these defendants.

When these demurrers came on to be heard, plaintiff asked and obtained leave of court to amend its amended petition by interlineation, by alleging that it refers to and adopts all the allegations of the original petition except wherein it is in conflict with the amended petition. This amendment was allowed April 13, 1929. On May 13, 1929, when the demurrers came on for further hearing, plaintiff asked leave to file an amended lien statement showing the ownership of the premises in George Haniotis, instead of George and Grace Haniotis, as in the original lien statement, and to show and attach an itemized statement of the materials furnished. Leave so to amend the lien statement was denied, and the demurrers to the amended petition were sustained and the cause was dismissed by order of court as to defendants George and Grace Haniotis, and plaintiff appeals.

It is first contended that the court erred in refusing to permit plaintiff to amend the lien statement.

Section 7478, C. O. S. 1921 [O. S. 1931, sec. 11017], provides:

"Any lien statement may be amended by leave of court in furtherance of justice as pleadings may be, in any manner, except as to the amount claimed."

The first amendment sought was as to the name of the owner of the property. Plaintiff named the real owner in the original lien statement, but coupled therewith the name of Grace Haniotis, the wife of the owner. That the lien statement was amendable in this respect is well settled.

In Alberti v. Moore, 20 Okla. 78, 93 P.

543, there was a mistake in the original lien statement both as to the name of the owner and the description of the property. It was there held that the lien statement was amendable in both respects. Therein the court cited El Reno Electric Light & Telegraph Co. v. Jennison, 5 Okla. 759, 50 P. 144, wherein like amendments were upheld in an action by a subcontractor. See, also, Ketcham v. Cunliff, 77 Okla. 287, 187 P. 1095; Eberle v. Drennan, 40 Okla. 59, 136 P. 62.

Plaintiff also sought leave to amend the lien statement by attaching thereto an itemized statement of the material claimed to have been furnished. It is also well settled that the lien statement was amendable in this particular.

In Key v. Hill, 93 Okla. 64, 219 P. 308, it was held that where laborer, mechanic, or materialman filed his claim within time in the office of the court clerk, and such lien claim gives the name of the owner, the name of the claimant, describes the property sought to be charged, fixes the amount of the claim and gives the date the last material was furnished, and the claim is signed by the claimant, it is not fatally defective and a nullity even though no itemized statement is attached thereto, and that upon the trial the court should permit the lien claim to be amended in furtherance of justice by attaching thereto an itemized statement.

The original lien statement herein comes squarely within the necessary provisions stated in the above case. Therein no itemized statement whatever was attached; here the claimant, apparently relying upon the provisions of section 7462, C. O. S. 1921, [O. S. 1931, sec. 10976], attached copy of the note taken from the original contractor. Said section provides:

"That if any promissory note bearing a lawful rate of interest shall have been taken for any such labor or material, it shall not be necessary to file an itemized statement of labor or material furnished, but in lieu thereof it shall be sufficient to file a copy of such note with a sworn statement that said note* * *was given for such labor or material.* * *"

Said section provides how the lien may be perfected in cases where the claimant has dealt or contracted directly with the owner of the premises.

Section 7463, C. O. S. 1921 [O. S. 1931, sec. 10977], is the section under which a subcontractor, contracting not with the owner directly, but with the original contractor, may obtain a lien "from the same time, in the same manner, and to the same extent as the original contractor." Said section makes no mention of taking a note, but requires the statement to be filed within 60 days, and to contain a statement of the items furnished, etc.

From the language used, where it is said that a subcontractor may obtain a lien from the same time, in the same manner, and to the same extent as the original contractor, a claimant may easily mistake his rights where the contractor acknowledges the amount of the claim, his liability therefor, and executes a promissory note as in the instant case. It is by no means clear that where such note is taken an itemized statement is required. But reading the two sections together, we think section 7463, supra, requires an itemized statement even though a promissory note be taken from the contractor.

The lien statement filed herein contains all the requirements stated in Key v. Hill, supra.

Leave to amend should have been allowed and it was error to deny the application.

It was likewise error to sustain the demurrers to the petition as amended. Said petition contained a complete itemized statement and stated a cause of action good as against a general demurrer. Had the amendment of the lien statement been allowed, as it should have been, the petition as thus amended would have stated a perfect cause of action against the defendants George and Grace Haniotis.

Defendants contend that to allow the amendments prayed for would have been to sanction a complete change of the cause of action. They contend that the original petition attempted to state a cause of action only upon the promissory note and stated no cause of action whatever against the owner of the property. The cause of action pleaded as against the defendant J. T. Montgomery was a cause of action predicated upon the promissory note, and plaintiff is entitled to a personal judgment against the contractor on the promissory note. The cause of action as against the owner of the property was only to establish and foreclose a materialman's lien. This is the limit of relief under the amended petition and amended lien statement. There is no change of cause of action as to the owner of the property.

The judgment is reversed and the cause is remanded for further proceedings in accordance with the views herein expressed.

CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur.