## COLEMAN v. MISSOURI VALLEY ELEC. CO.

No. 22773.   Oct. 16, 1934.

Green & Farmer, for plaintiff in error.

D. H. Wilson and Frank Nesbitt, for defendant in error.

PER CURIAM. The Missouri Valley Electric Company commenced this action to foreclose a lien upon a building and real estate owned by George L. Coleman, for electrical materials and supplies used in the installation of an electric wiring and telephone system. The materials were furnished to W. J. Nelson, an electrical contractor, who installed the wiring and telephone system under a contract with the owner, Coleman. The only judgment rendered by the trial court was a judgment establishing and foreclosing a lien upon the property of the defendant Coleman, as the contractor Nelson was not served in the state of Oklahoma, being a resident of Kansas, and all other parties defendant went out of the case before trial. From this judgment after motion for new trial was overruled, the defendant Coleman appeals. The parties will be referred to as they appeared in the court below.

The defendant Coleman first contends that the petition of the plaintiff was insufficient and the court erred in overruling his demurrer thereto. The demurrer was a general demurrer. It is urged that the petition failed to show that notice of filing of the lien was served in writing upon the defendant by the plaintiff within a reasonable time after the same was filed. It is conceded by both parties that such notice was necessary, the lien claimed being that of a subcontractor, under the provisions of section 10977, O. S. 1931.

The petition alleges that the lien was filed August 16, 1929, and that two attempts to serve Coleman were made, one on August 17, 1929, by leaving a copy of the notice with one Melvin Hutts, private secretary of Coleman, and one on October 29, 1929, by mailing a letter to Coleman. Both the letter and notice are attached to the petition, and it is alleged that Colman received both the letter and the notice, one by mail and the other from Hutts. While the service of the notice upon Hutts is probably insufficient under our statute, still the petition alleges that this notice was de-

livered by Hutts to Coleman after August 17th, and before October 29th, after Coleman returned to Miami, Okla., from Colorado, and that Coleman received the same. The demurrer admits the receipt of the notice by Coleman, and where the receipt of the notice is admitted, the manner of service is not material or vital.

"Written notice of the filing of a mechanics' lien served by registered mail which reaches the owner personally is valid." Southwestern Paint & Wall Paper Co. v. Perkins (Kan.) 136 P. 324.

In the body of the opinion, the Kansas Supreme Court said in construing the lien statute from which our own statute was taken:

"Written notice of one of the liens was served on Riley himself by registered mail. The statute provides that notice in writing shall be served on the owner without prescribing the method. Any method which effectually accomplishes the statutory purpose is sufficient."

This construction is in line with the decisions of our own court regarding the service of notice.

"There being no mode of service of the case-made prescribed by statute, if the opposite party or his attorney of record actually receive such case-made within the given time, it is immaterial whether it be by mail, express or otherwise, it being admitted that he actually received the same within such time." Jones v. Balsley & Rogers et al., 25 Okla. 344, 106 P. 830.

The defendant also urges that the petition shows that the notice was not served within a reasonable length of time after the filing of the lien. The petition, as stated, alleges two notices were received by the defendant within 75 days after the filing of the lien, one being delivered to him by Hutts, and one coming to him by mail. We cannot presume that 75 days is an unreasonable length of time. What is a reasonable length of time must be determined by the court or jury trying the case under the attending circumstances. Union Bond & Investment Co. et al. v. Bernstein, 40 Okla. 527, 139 P. 974.

A period of 137 days under certain circumstances has been held not to be an unreasonable length of time for serving such notice. Home Lumber & Supply Co. v. School District (Kan.) 115 P. 590.

No facts appear upon the face of the petition which disclose lack of diligence on the part of plaintiff. The allegations of the petition should be construed liberally in favor of the pleader when attacked by general demurrer. Ross v. Breene, 88 Okla. 37, 211 P. 417.

Tested by this rule the petition stated a cause of action, and the trial court did not err in overruling the general demurrer of the defendant thereto.

The defendant next contends that the evidence is insufficient to support the judgment establishing a lien upon his property. We think this assignment is well taken.

No evidence whatsoever was introduced to show that notice of the filing of the lien was ever served upon Coleman, and no evidence was presented to show that Coleman ever received the notice alleged to have been delivered to Hutts, or that the letter of October 29, 1929, was mailed to Coleman. Neither the notice to Hutts nor the letter to Coleman pleaded in plaintiff's petition was offered or admitted in evidence. The plaintiff claims that a fair interpretation of the amended answer of the defendant admits the receipt of the letter of October 29, 1929, relied on as constituting notice to the defendant, and that such proof was unnecessary. We cannot so construe the pleadings.

"An admission will not be extended beyond its necessary meaning." 49 C. J. p. 127.

The amended answer contained a general denial of all the allegations of plaintiff's petition, except "such as are hereinafter specifically admitted to be true." It also contained these allegations:

"Further answering this defendant denies specifically that the plaintiff has a lien against the premises involved in this action and specifically denies that the plaintiff has perfected any lien. This defendant alleges that he was not served with notice of the filing of plaintiff's purported lien, that he was practically continuously in Ottawa county, Okla., from September 1st to October 15, 1929. This defendant charges that the plaintiff after filing its purported lien on or about August 16, 1929, attempted to serve Melvin Hutts, but did not properly serve the said Hutts, and did nothing further until the said plaintiff through its attorney wrote a letter on October 29, 1929, demanding payment."

The amended answer was verified under oath. Under the general denial, the specific denial of the perfecting of the lien, and the specific allegation that defendant "was not served with notice of the filing of plaintiff's purported lien," we think the amended answer put the plaintiff to his proof on the question of the contents of the letter pleaded in plaintiff's petition, its mailing and re-

ceipt. The admission in the answer that plaintiff wrote a letter through its attorney on October 29, 1929, demanding payment, in our judgment, taken in connection with the other averments of the amended answer, does not admit the receipt of the letter pleaded in plaintiff's petition as having been deposited in the mail properly addressed to the defendant with the postage prepaid thereon, nor does it admit that such letter was mailed to the defendant. The entire contents of the amended answer must be considered together in determining the nature and extent of any admissions therein.

"An admission, in an adversary's pleadings, to be available, must be taken with all the qualifying clauses and limitations which the pleader has included in it. In other words, it must be taken as a whole; and where facts are alleged in connection with an admission which nullify it, its effect as an admission is destroyed." Johnson et al. v. Bement et al., 109 Okla. 260, 235 P. 535; Oklahoma Moline Plow Co. v. Smith, 41 Okla. 498, 139 P. 285.

Because of the failure of the plaintiff to prove service of a notice of filing of the lien, the judgment of the trial court herein is reversed and the cause is remanded for a new trial.

The Supreme Court acknowledges the aid of Attorneys John L. Goode, I. C. Saunders, and E. C. Stanard in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Goode and approved by Mr. Saunders and Mr. Stanard, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.