## DOGGETT v. PRICER et al.

No. 23897.   Oct. 13, 1936.

Rehearing Denied Nov. 10, 1936.

H. A. Johnson, for plaintiff in error.

H. E. St. Clair and Henry S. Johnston, for defendants in error.

PHELPS, J. The defendant in the trial court (plaintiff in error here) was the owner of a city lot upon which he was constructing a store building. The plaintiff and certain cross-petitioners foreclosed their laborers' liens against the building and also obtained personal judgments against the owner, and the latter appeals.

The lien statements were filed about 12 days after the expiration of the 60-day period within which such statements must be filed when the lien is asserted by or through a subcontractor (section 10977, O. S. 1931). Said statements alleged that the claimants had been employed by and worked for a certain Alderson, who was contractor with the owner, Doggett. Two days after the filing of said lien statements, the lien claimants amended the statements by affidavit attached thereto, in which they alleged that the said Alderson had employed them, not for himself, but for the owner, Doggett, and that they had not performed the work for Alderson, but in reality had worked for the owner, against whom they claimed the liens. Section 10976, O. S.

1931, permits the filing of laborers' liens, when the employment is by the owner, within four months following the date upon which labor was last performed. The lien statements herein, and their amendments, were filed more than 60 days and less than four months after the last work was done. The right to foreclose depends upon whether the work was done for Alderson as a contractor or directly for the owner, Doggett.

The overwhelming weight of the evidence adduced at the trial, including the testimony of some ten or twelve lien claimants and the man Alderson, is to the effect that the owner, Doggett, himself personally engaged the men to do the work, and that Alderson's status was simply that of an overseer or foreman, who also rented his own machinery to the owner. It appears that the men were afraid that they would not be paid by the owner if they worked for him, and Alderson was likewise and for the same reason apprehensive, and that it was only after Doggett himself came to them, accompanied by a man by the name of Foster, who assured them that Doggett would pay them, that they consented to leave another job on which they were working for Alderson and engage in the work for Doggett. Doggett and Foster represented to the men that there was $1,000 on deposit in a bank to pay for labor, and on the strength of this representation they performed the labor.

It is contended that because the lien claimants stated, in the first statements which they filed, that they had been working for Alderson as a contractor, they should be estopped to amend their lien statements showing otherwise, and should be estopped to maintain this action against the owner for services actually furnished the owner and not the contractor. It is not made clear in the briefs just why the doctrine of estoppel should be invoked in this case. No prejudice resulted to the owner because of the incorrect statements contained in the lien statements as first filed, which errors were corrected two days later by the affidavits attached to the statements. The owner had already paid off Alderson, who he claims was contractor and employer of these men, a week or more before the lien statements were filed, and at the date of such payment the time for filing by subcontractors had already expired. Certainly an estoppel would have resulted against these claimants, in that case, if they had been employed by the so-called contractor, but it should be remembered that the evidence reveals that they were employed by the owner himself. When the claimants named

Alderson as employer they did not thereby lead the owner astray in any manner, for he had already paid Alderson.

When the owner presumably inspected the mechanic's lien docket upon the expiration of 60 days after the last work was performed (section 10977, O. S. 1931), and found no lien statements filed, he could safely assume (at least in the absence of knowledge to the contrary) that the contractor had satisfied any possible subcontractors, and could safely enough settle with the contractor. Having then settled with the contractor, the statute itself prevents the assertion of any more or later liens against the property by persons claiming through or under the contractor. Accordingly, when the claimants later filed lien statements claiming through the contractor, the owner could have ignored such statements, for the time for filing such liens had expired. Under such facts, if the claimants had recovered in this case under the theory of being subcontractors, it would have been our duty to reverse the judgment. But this does not mean that parties who in fact contracted with the owner, and who had not yet filed their lien statements, could not still do so, for they had four months in which to file. The fact that claimants, after the 60-day period, called themselves subcontractors, through mistake or otherwise, did not mislead the owner to his detriment. It did not cause the owner to pay the contractor anything, nor did it cause the owner to withhold anything from the contractor, for he had already paid the contractor. It had no effect either way. But for the subsequent amendment it would have been a complete nullity, as against the owner. The amendment which was filed two days later, however, changed the lien statement into one claiming from the owner instead of from the contractor, and was filed well within the four months prescribed in such cases by section 10976, O. S. 1931. With this record clearly indicating that the contract with these claimants was in truth made by the owner, and not the contractor, we fail to perceive any miscarriage of justice in these proceedings. Though the statements of the claimants, as made in the lien statements first filed, were at variance with their amendments, and were therefore in the absence of proper explanation to be considered against them, such is merely an inconsistency in the claimants' side of the case, to be considered with all the other facts and circumstances in the case, and is not an estoppel, for there was no reliance of defendant nor any detriment to him, upon which to base an estoppel.

Section 11017, O. S. 1931, provides that any lien statement may be amended by leave of court in furtherance of justice, as pleadings may be, in any matter except as to the amount claimed. This includes changing the name of the party to be charged. Alberti v. Moore, 20 Okla. 78, 93 P. 543, 14 L. R. A. (N. S.) 1036. It also includes amendments made after expiration of the time allowed by law for the filing of the liens in the first place. Whitfield v. Frensley Bros. Lbr. Co., 141 Okla. 44, 283 P. 985. It may be made at the trial itself. Spurrier Lbr. Co. v. Montgomery, 165 Okla. 67, 24 P. (2d) 1005.

Some mention is made in the briefs concerning the failure to revive this action in the name of the heirs of one McCandless, who it appears was at one time a party to the action. Just what his interest was, if any, is not shown, and in the absence of specific information on the point we decline passing thereon.

The judgment is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and WELCH and CORN, JJ., concur.