## HOWARD v. STEWART.

No. 31755.   June 5, 1945.

*159 P. 2d 527.*

John R. Huggins, of Ada, for plaintiff in error.

Kerr, Lambert & Conn, of Ada, for defendant in error.

· HURST, V.C.J.   The plaintiff, J. D. Stewart, sued Grace Sanders, individually and as administratrix of the estate ·of her deceased husband, her three minor children, and her brother, Bennie Howard, to recover possession of, and to quiet title to, a tract of land in Pontotoc county. From a judgment in favor of the plaintiff, Howard has appealed.

The appellant argues six assignments of error, which may be grouped under three propositions.

1.   Appellant first argues that error was committed in overruling the motion to quash the service. of summons filed by both him and the other defendants. It is argued that the.copies of the summons served were not signed by the court clerk or her deputy and did not have thereon the seal of the court or the number of the case. It was not denied that the original summons was properly executed. In his return, the sheriff certified that he delivered to the

defendants "a true and certified copy of the within summons with all the endorsements thereon." The defendants attached to their motion what purports to be certified copies of the summons as served. The certificate is by stamp only and is not signed. The name of the court clerk was printed on the copies served. The defendants introduced no evidence in support of their motion. They, therefore, did not sustain the burden of establishing by convincing evidence the defect in the service, and did not overcome the return of the sheriff. See A & A Tool & Supply Co. v. Gray, 192 Okla. 657, 140 P. 2d 926.

2. Appellant argues that the court committed error in sustaining the motion of the plaintiff to dismiss the case as to the other defendants. It appears that Grace Sanders died prior to the trial. Howard cites no authority holding that the minor children were necessary parties and that the plaintiff could not elect to prosecute the suit against him only, and we know of none. 12 O.S. 1941 § 683 authorizes the plaintiff to dismiss his action without prejudice to a future action before the final submission of the case. Under this statute, the plaintiff had the right to dismiss the action against the other defendants. It was not necessary that he have the cause revived as to Mrs. Sanders. 47 C.J. 171. If, in fact, the said minor children have homestead rights in said land, as contended by Howard, the judgment against him will not prevent them from asserting such rights.

3. In the petition, the plaintiff described the land as being in section 25. The land was so described in the summons. After the defendant had filed a demurrer to the petition, the plaintiff, in order to deraign his title, amended his petition by attaching to it a copy of the homestead patent to him in which copy the land was described as being in section 24. At the trial, plaintiff did not introduce his patent, but instead introduced his homestead certificate showing that the land was allotted to him and describing it as being in section 25.

The defendant argues that the exhibit to the petition describing the land as being in section 24 controls over the allegation in the petition that it was in section 25, and that, consequently, the court committed error in admitting in evidence the homestead allotment certificate describing the land as being in section 25, that the evidence was a departure from the pleadings, and that the evidence does not support the judgment.

The defendant does not contend that he was misled by the discrepancy in the description or that the land involved is not in fact in section 25. It seems clear that the description in the copy of the patent attached to the petition was incorrect and was a typographical error. The plaintiff would have been entitled to amend his pleadings by correcting the misdescription. 41 Am. Jur. 497, 547.

Our statute, 12 O.S. 1941 § 311, provides:

"No variance between the allegations in a pleading and the proof, is to be deemed material, unless it has actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits. Whenever it is alleged that a party has been so misled, that fact must be proved to the satisfaction of the court, and it must also be shown in what respect he has been misled, and thereupon the court may order the pleading to be amended, upon such terms as may be just."

The defendant having failed to point out wherein he has been misled, or prejudiced, by the errors complained of, the judgment should be affirmed.

Judgment affirmed.

GIBSON, C.J., and RILEY, OSBORN, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur.