**·LIBERTY PLAN COMPANY, an express trust, Plaintiff in Error,**

v.

**FRANCIS T. SMITH LUMBER COMPANY, a corporation, Defendant in Error.**

No. 38959.

Supreme Court of Oklahoma.

Feb. 7, 1961.

Rehearing Denied March 21, 1961.

Sam S. Gill, Oklahoma City, for plaintiff in error.

George W. Gay, Oklahoma City, for defendant in error.

HALLEY, Justice.

Francis T. Smith Lumber Company, a corporation, instituted this action to foreclose its materialman's lien upon certain premises owned by the Liberty Plan Company, an express trust. From a judgment for the plaintiff, the defendant has appealed. The parties will be given their designation below.

Three principal contentions advanced for reversal are: (a) there was a fatal variance between plaintiff's pleadings and proof; (b) plaintiff failed to prove that notice of filing its lien statement was given to defendant; (c) plaintiff's lien statement was not filed within 90 days from the date upon which material was last furnished.

According to the recitations in the lien statement, plaintiff, in pursuance of an oral agreement with one Charles Hendrickson, a contractor, supplied certain building materials for use upon the premises owned by Liberty, and asserted a lien claim for the sum of $1,206.08. Attached to the statement was a note to plaintiff for a like amount; dated November 4, 1957, the note was signed by Charles Hendrickson.

■ Plaintiff's petition for foreclosure of its materialman's lien avers in pertinent part: Liberty engaged Hendrickson as a contractor to perform certain alterations on the premises upon which the lien is sought to be foreclosed; on November 4, 1957, Hendrickson entered into "a written contract" with plaintiff to purchase building material for use on the Liberty job, and agreed to pay therefor, on completion of the work, the sum of $1,206.08; the work was completed on December 1, 1957, and plaintiff furnished material "prior to said date;" the amount due plaintiff for the material so supplied remains unpaid; both Hendrickson and Liberty were "furnished" a copy of the lien statement filed. In its verified answer Liberty denied any legal obligation to the plaintiff.

As disclosed by plaintiff's evidence, the various items of material asserted as lienable were ordered by Hendrickson and furnished for the job at different times between June 10, 1957, and September 23, 1957; on November 4, 1957, Hendrickson executed and delivered his note to the plaintiff which covered the account owed for these supplies; according to the testimony, notice of the lien statement was, on the date of its filing, imparted to Liberty by registered mail.

At the trial, defendant was unsuccessful in its repeated attempts to exclude all testimony, which if received, would not have tended to establish the precise facts alleged in the petition. Pointing out several discrepancies between the averments in plaintiff's pleadings and the proof adduced, defendant urges error in the admission of evidence which was at variance with the allegations in the petition.

■ From the averments in the petition, considered alone, it would appear that the material was sold after November 4th (when a "written contract" therefor was allegedly entered into between plaintiff and Hendrickson), and prior to completion of the job on December 1, 1957; whereas, as

disclosed by the proof, these building supplies were purchased and furnished between June 10th and September 23, 1957. The facts so developed at the trial were thus, in their material aspect, in substantial conformity with those recited in the lien statement which sets forth September 23rd as the date upon which material was last furnished and reflects that a note was subsequently taken from Hendrickson on November 4, 1957. Since the lien statement formed a part of the petition (to which it was appended) the terms and provisions of this exhibit controlled, in case of discrepancy or inconsistency, over the allegations in the pleadings. There was no variance in this respect. Schnelle v. McClure, Okl., 330 P. 2d 598; Hostutler v. State, Okl., 302 P.2d 983.

Before answer was filed, the court denied defendant's motion for an order requiring plaintiff to amend its petition by setting forth an itemized statement of materials claimed to have been furnished. At the trial, original invoices describing the items of material sold for the job and showing the date of their delivery were offered by the plaintiff and admitted over defendant's objection that these exhibits did not tend to prove any issues raised by the pleadings. It is urged on appeal that the invoices were improperly received in evidence because this proof was, by its very nature, at variance with the allegations of the petition and the recitations in the lien statement, under which, contrary to applicable law, plaintiff's claim as a subcontractor rests only on the note from the prime contractor (Hendrickson), instead of being predicated upon an itemized statement of account for material furnished, as required by statute, 42 O.S. Supp.1957 § 143.

 Under the terms of the cited statute, we have held, one not in privity of contract with the owner, who seeks to perfect a mechanic's or materialman's lien as a subcontractor, is required to append to his lien statement, an itemized account of labor performed or material furnished, even though a promissory note evidencing the obligation was taken from the prime contractor. Failure to attach such itemized list will not, however, operate to vitiate the right to a lien, nor render the claim fatally defective. By an appropriate amendment such itemized statement may be supplied either before or during the trial. Spurrier Lumber Co. v. Montgomery, 165 Okl. 67, 24 P.2d 1005; Doggett v. Pricer, 178 Okl. 130, 61 P.2d 1049.

 The variance, asserted here for reversal, was neither urged below on the basis of its prejudicial effect upon the defense to the merits of the cause, nor was it specifically called to the trial court's attention. Defendant merely objected to the admission of the exhibits as "outside the issues" raised by the petition. No variance between the allegations in a pleading and the proof will be deemed material or fatal unless it appear to the satisfaction of the court that it has actually misled the adverse party to his prejudice. The burden rests on the aggrieved litigant to show in what manner he has been misled. 12 O.S.1951 § 311; Howard v. Stewart, 195 Okl. 491, 159 P.2d 527. When a showing of prejudice has been made, the court is authorized to direct that the pleadings be amended upon such terms as may be just. 12 O.S. 1951 § 311. Variance which does not serve to mislead a party opponent is deemed harmless, and the court may direct an immediate amendment without costs. 12 O.S.1951 § 312. A mere objection to the evidence which tends to elicit facts in discord with those pleaded will not support or save for review a contention of prejudice due to variance. Cook v. Sheffield, 181 Okl. 635, 75 P.2d 1101. Unless variance is specifically called to the trial court's attention and its prejudicial effect shown, as required by the cited statute, the pleadings will be considered to have been amended so as to conform to the proof, even though no formal amendment was sought by the party and none required by the court. Kelly v. Cann, 192 Okl. 446, 136 P.2d 896; Cook v. Sheffield, supra; and Thompson v. Walton, Okl., 297 P.2d 1084.

No claim was made below, and none is advanced on appeal, that defendant, when confronted by the evidence asserted to be at variance with the pleadings, was in any manner surprised and hence unable to meet the issues and proceed with the trial. Neither did the defendant request a continuance on the ground that it had been misled to its prejudice. Under this state of the record, this Court will, on appeal, treat plaintiff's petition as having been amended to conform to proof. This is especially true in actions of equitable cognizance, such as the present cause. See, Bryan et al. v. Orient Lumber & Coal Co., 55 Okl. 370, 156 P. 897; McGill v. Cooper Supply Co., 196 Okl. 362, 165 P.2d 829; Moral Ins. Co. v. Steves, 208 Okl. 529, 257 P.2d 836. If there was a variance, such was harmless and does not require a reversal.

Defendant next takes the position that plaintiff did not require a lien upon the premises because of its failure to give Liberty statutory notice of the lien statement on file.

Since plaintiff asserts its materialman's lien as a subcontractor, notice in writing to the owner was required under the provisions of 42 O.S.Supp.1957 § 143. Notice by registered mail is sufficient to satisfy this statutory requirement. See Coleman v. Missouri Valley Electric Co., 169 Okl. 264, 36 P.2d 730; Curry v. Morgan, Okl., 321 P.2d 973.

Plaintiff's president testified that notice had been sent to Liberty by registered mail on December 20, 1957—the date on which the lien statement was filed. A carbon copy of the letter, properly identified, was received in evidence over defendant's objection. The witness further related that a signed receipt of delivery had been returned to plaintiff by postal authorities, but the receipt itself was not offered in evidence. This testimony stands uncontradicted. Defendant did not deny receiving the letter. Yet proof so outlined is challenged on appeal as incompetent and violative of the best evidence rule. We see no basis

for such contention under United States Fire Ins. Co. of City of New York v. L. C. Adam Mercantile Co., 117 Okl. 73, 245 P. 885, where we held:

"A carbon impression of a letter written on a typewriter, made by the same stroke of the keys as the companion impression, is an 'original.' Either impression is primary evidence of the contents of the letter, and notice to produce the original mailed letter in order to introduce one of the retained copies in evidence is not necessary.

"When a letter is sent out by post and mailed, properly addressed, the presumption of its receipt by the party to whom it is addressed arises, and this prima facie presumption of delivery remains until overcome by contradictory evidence."

See also: Anglo-Texas Oil Co. v. Manatt et al., 125 Okl. 92, 256 P. 740 and Great American Life Ins. Co. v. Stephenson, 176 Okl. 295, 55 P.2d 56.

We hold that the proof elicited by plaintiff constitutes primary evidence sufficient to show notice to Liberty. There was no error in its admission.

In its final proposition defendant maintains there is an entire absence of evidence to show that the last item of material claimed to have been furnished on September 23rd, was actually used upon the premises. It is argued in the alternative that even if this material were in fact incorporated in the house, it was used merely for a minor repair performed by Hendrickson after the completion of his contract to remodel and the acceptance of the job by the owner. Hence, defendant concludes, the furnishing of this item did not operate to revive or extend the statutory filing period of 90 days and the time expired prior to the date on which the lien was perfected.

As revealed by the testimony of a workman who was in Hendrickson's employ, plaintiff furnished, on September 23, 1957, two quarts of glazing compound to be used for caulking windows and doors on the

premises in question. The evidence tends to show that this work, which was admittedly performed at the specific request of Liberty's vice-president, constituted a necessary part of the contract to repair the garage apartment.

Whether a lien statement is filed within the statutory time limit presents a question of fact to be determined from the evidence. Donaldson & Yahn v. Stillwater Building & Loan Association, 172 Okl. 258, 45 P.2d 65; Wass et al. v. Vickery, 158 Okl. 227, 13 P.2d 142. In an action of equitable cognizance, such as the present, this Court will examine the entire record and weigh the proof, but unless the judgment rendered is clearly against the weight of the evidence it will not be disturbed on appeal. McKenna v. Lasswell, 207 Okl. 408, 250 P.2d 208.

We have carefully reviewed the record and find ample evidence to support the fact that the glazing compound, furnished by plaintiff on September 23, 1957, was used on the premises in question. The lien statement, which was placed of record on December 20, 1957, was therefore filed within the statutory time of 90 days from the date upon which material was last furnished. 42 O.S.Supp.1957 § 143.

Defendant places reliance on the decisions of this Court in Jones v. Balsley, 27 Okl. 220, 111 P. 942; Taylor Bros. v. Gill, 126 Okl. 293, 259 P. 236, 54 A.L.R. 979; Holmes v. S. H. Kress & Co. et al., 100 Okl. 131, 223 P. 615; and Norman v. Hearne & Tittle, 145 Okl. 217, 292 P. 332.

In the two cases first cited we held that a gratuitous substitution or replacement of defective material previously delivered and installed will not operate to extend the time for perfecting a lien; Norman v. Hearne & Tittle, supra, stands as authority for the rule that minor repairs to remedy faulty workmanship of contractor, when made after completion of the contract and acceptance of premises by owner, will not prolong the statutory period for filing lien claims; in the Holmes decision a subcontractor sought to revive his lien right, once lost, by performance of a trifling matter with unreasonable delay and of his own accord.

The cited authorities are inapposite to the facts in the case at bar. There is no showing here that glazing compound sold on September 23rd, was to replace, without charge, defective merchandise previously delivered. The time for perfecting plaintiff's lien had not then expired and there is no indication that plaintiff furnished this item in bad faith with a view of extending the period for filing a lien statement or for the purpose of reviving a lien right which had been lost by unreasonable delay. While defendant claimed that the repair job had been completed in the latter part of July and hence long before the caulking was done, the record discloses several undisputed purchases of building material made in August. There is testimony that "trimming" was done on the premises during that month. Defendant specifically requested the work which required the use of glazing compound. This tends to negative its assertion that Hendrickson's contract was in fact regarded as completed and the job accepted as satisfactory to the owner before the contractor caulked the windows and doors in the latter part of September.

From the record, viewed as a whole, it may be fairly inferred that all the supplies, though purchased at different times, were furnished by plaintiff for a single general purpose of repairing liberty's garage apartment. So far as plaintiff's rights to a lien are concerned, the transaction which is the subject of this litigation formed one integral contract. The entire account so incurred by Hendrickson must be regarded as a unit, which includes all material and supplies furnished. Consolidated Cut Stone Co. v. Seidenbach, 181 Okl. 578, 75 P.2d 442.

We find no error in the judgment of the trial court.

Affirmed.